WILLIAM N. SAVAGE *vs.* MARK ELEVATOR CO., INC.
WILLIAM N. SAVAGE *vs.* PHOENIX INDEMNITY COMPANY.

OCTOBER 27, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. These cases, hereinafter treated as one because of identity of issue, are original petitions for compensation under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297. In each case the respondent moved to dismiss the petitioner's appeal to this court on the ground that such appeal was prematurely taken.

The only question presently before us is one of procedure under the provisions of P. L. 1954, chap. 3297, article III. The recently created workmen's compensation commission, herein referred to as the commission, is composed of three members. The procedure to be followed in the hearing of matters within its jurisdiction up to the perfection of an appeal to this court is specifically set forth in art. III, sec. 3 (g), reference to which is hereby made to avoid extensive quotation. Generally speaking and in so far as pertinent, such section provides that each member of the commission

is empowered to "hear all questions of law and fact"; that upon the entry of a decree on a commissioner's decision an aggrieved person may appeal to the full commission by filing with the clerk thereof the following papers within the times specified: A claim of appeal and a written request for a transcript of the testimony and rulings or any part thereof desired; specific reasons of appeal together with so much of the transcript and rulings as is deemed necessary; and such briefs and memoranda concerning the appeal as the parties may desire.

Section 3 (g) further provides that thereafter the full commission shall forthwith review the commissioner's decree "upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence" within a limited time, either affirming the decree under review or entering, after notice to the parties, a new decree in accordance with its decision. Sections 4 and 6 of art. III then provide that the decree entered *by the commission shall be final* subject, however, to an appeal by an aggrieved person to the supreme court in the prescribed manner on the grounds of excess or want of authority, fraud, or other questions of law.

In the instant case petitioner appealed directly to this court from the decree entered by the single commissioner without bringing his case before the full commission for final adjudication on the record, as provided in the act of 1954. The reason for so doing, as we understand his contention, is that since such decree held that the commission was without jurisdiction in the matter it precluded further action by the commission and, therefore, it was a final decree appealable directly to this court. We find this contention to be without merit because of fundamental fallacy in reasoning.

The general and well-settled rule in equity cases and those following the course of equity is that appeals lie only from the entry of a final decree. Furthermore appeals in cases

of special statutory jurisdiction must follow the express provisions of the statute as to the time and manner therein prescribed. *Metcalf* v. *Interstate Transit Corp.,* 61 R. I. 486, and cases cited. There is a clear noncompliance with these basic rules in the instant case. The procedure to be followed in order to appeal to this court is set forth in simple and unambiguous language in chap. 3297, art. III, secs. 3 (g), 4 and 6. A mere reading of those sections plainly shows the legislature intended that before coming here a party aggrieved by the decree of a single commissioner was required to secure an adjudication by the full commission of all contested issues on the record of the case.

When a party who deems himself aggrieved desires to challenge the decree of a single commissioner he is bound to observe the procedural steps specified in the act. If he fails to do so that decree is determinative of the case. On the other hand, if he appeals to the full commission within the time and manner prescribed, the single commissioner's decree becomes interlocutory, as it is within the power of the commission either to affirm that decree or to enter an entirely new and different one. In such a situation the decree of the full commission and not that of the commissioner is the final decree that will support further appellate proceedings. See *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335; *Fiore* v. *Wanskuck Co.,* 83 R. I. 344.

The respondent's motion to dismiss the petitioner's appeal in each cause is granted, and each cause is remanded to the workmen's compensation commission for further proceedings.

BAKER, J., did not participate in the decision.

*Fred Israel, Richard J. Israel,* for petitioner.

*William A. Gunning,* for respondents.