JAMES C. GOMES *vs.* BRISTOL MANUFACTURING CORPORATION.

OCTOBER 22, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a motion by the petitioner that he be awarded a counsel fee and costs in this court as provided by G. L. 1956, §28-35-32, as amended by P. L. 1961, chap. 134, he having successfully prosecuted his appeal in this court in the above-entitled cause. See *Gomes* v. *Bristol Mfg. Corp.*, 94 R. I. 500, 182 A.2d 318.

At a hearing on the motion respondent orally raised the question of the constitutionality of §28-35-32 as amended and requested time for filing a memorandum of authorities. The court granted the request and the matter was continued for hearing.

The petitioner asserts that when a person's rights are invaded by an act of the legislature as here claimed by respondent, such person should raise his objection at the earliest available opportunity. That is what respondent has done in this case. The workmen's compensation commission ruled in respondent's favor. It was not until the case was heard in this court that a decision was given against respondent. Consequently its objection here was respondent's first opportunity to do so.

General laws 1956, §28-35-32, as amended, so far as pertinent to the present situation, reads as follows:

> "* * * In proceedings under said chapter, costs shall be awarded, including counsel fees * * * to employees who successfully prosecute petitions for compensation, petitions for medical expenses, petitions to amend preliminary agreements and all other employee petitions * * * and to employees who successfully defend, in whole or in part, petitions for review filed by employers. Such costs shall be assessed against the employer by a single commissioner, by the full commission on appeal and by the supreme court on appeal consistent with the services rendered before each tribunal and shall be made a part of the decree."

This section gives costs to the employee in certain circumstances but in no circumstance to the employer. The respondent employer points out that under the language of the section that "Such costs shall be assessed," the requirement of costs is mandatory. That is true but the amount of the counsel fee is discretionary with the court.

The contention of respondent is that this section providing for costs denies to the employer equal protection of the laws as guaranteed by the fourteenth amendment to the United States constitution and by sec. 2, art. I, of our state constitution, and is therefore unconstitutional.

We perceive no improper or unreasonable inequality of treatment of employers and employees under the act now being considered. All employers are treated alike and so are all employees. The two groups are treated differently it is true because, generally speaking, they are different. This is not an improper classification.

In *Berberian* v. *Lussier*, 87 R. I. 226, we said at page 233: "Equal protection in its guarantee of like treatment to all similarly situated permits classification which is reasonable and not arbitrary and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purposes sought to be achieved by the legislation involved."

In *Farmers' & Merchants' Ins. Co.* v. *Dobney,* 189 U. S. 301, which was an action to recover the amount of a fire policy written on the defendant's dwelling house which was destroyed by fire, the insurance company in resisting payment argued among other points that the court in ordering an attorney's fee to be taxed deprived the company of the equal protection of the laws.

It was argued that allowance of a reasonable attorney's fee in case of the unsuccessful defense of a suit to enforce certain insurance policies was repugnant to the equality clause of the fourteenth amendment for several reasons, among which was that it arbitrarily subjected insurance companies to a liability for attorney's fees when other defendants in other classes of cases were not subjected to such burden, and that the obligation to pay attorney's fees was imposed on insurance companies while no such burden was placed upon the plaintiff in favor of insurance companies when the suit on a policy was successfully defended. It was held that contracts of insurance from their very nature were susceptible of classification, not only from other contracts but from each other. The judgment was sustained.

In *Missouri, Kansas & Texas Ry.* v. *Cade,* 233 U. S. 642, which involved the construction and constitutionality under the equal protection provision of the fourteenth amendment of a statute of Texas imposing an attorney's fee on the defeated defendant in certain cases, the court said at page 650:

> "If the classification is otherwise reasonable, the mere fact that attorney's fees are allowed to successful plaintiffs only, and not to successful defendants, does not render the statute repugnant to the 'equal protection' clause. This is not a discrimination between different citizens or classes of citizens, since members of any and every class may either sue or be sued. *Actor* and *reus* differ in their respective attitudes towards a litigation; the former has the burden of seeking the

proper jurisdiction and bringing the proper parties before it, as well as the burden of proof upon the main issues; and these differences may be made the basis of distinctive treatment respecting the allowance of an attorney's fee as a part of the costs."

In *Hunter* v. *Flowers,* 43 So.2d 435 (Fla.), wherein a successful claimant in a summary proceeding to enforce a laborer's lien sought an attorney's fee, the court said at page 436:

"The validity of statutes awarding attorneys' fees to successful litigants has been upheld in various types of cases in recent years. The rule gleaned from the decided cases seems to be that, so long as the classification is based upon some difference bearing a reasonable and just relation to the act in respect to which the classification is attempted, there is no violation of the 'due process' and 'equal protection' clauses of the Fourteenth Amendment of the Constitution of the United States."

In *Ahmed's Case,* 278 Mass. 180, the court found that an act which authorized the payment of costs in a workmen's compensation proceeding to an employee who prevailed upon the review and not to a prevailing insurer did not deny to the insurer the equal protection of the law. The court said at page 193:

"* * * The costs recoverable under that statute are moderate in amount, are not in the nature of a penalty and are no more than reasonably adequate to accomplish permissible objects, such as discouragement of unnecessary claims for review by insurers and something toward reimbursement of necessary expenses of an unfortunate employee ultimately prevailing to some extent.

"The argument of the insurer has been directed chiefly to the contention that the operation of the statute here assailed is to produce inequality before the law. Our conclusion is that it does not violate that constitutional guaranty."

See also *Russell* v. *Western Oil Co.,* 206 N. C. 341.

In considering the question of the constitutionality of a statute this court is bound to uphold it unless its unconstitutionality appears beyond a reasonable doubt. As was said in *State* v. *Garnetto,* 75 R. I. 86, at page 94: "Broadly speaking, such requirements are that this court will make every reasonable intendment in favor of the constitutionality of a legislative act, and so far as any presumption exists it is in favor of so holding. Further the party raising the question of the unconstitutionality of a statute has the burden of proving that fact beyond a reasonable doubt."

The respondent in its brief makes clear that the question of costs is treated very differently in different jurisdictions and then makes the following statement: "There would appear to be no state which would make costs including attorney's fees mandatory where the employee appeals and is successful in the Supreme Court."

While we cannot say what was in the mind of the legislature, we think it is reasonable to believe that, considering the relative financial standing and resources of the average employee and those of the average employer, the legislature deemed it wise to place the burden of costs and attorneys' fees upon the side better able to bear them. Were this not done it is entirely conceivable that any weekly sum that might be awarded to an employee would be unwarrantedly lowered by the amount of his costs and his attorney's fees. It is to be emphasized that the final determination of the amount of an attorney's fee lies with the court.

We are of the opinion that the statute under consideration does not violate either the state or the national constitution and is therefore constitutional.

The petitioner's motion is granted. His costs in this court and an attorney's fee in the sum of $200 are hereby awarded to the petitioner subject to his filing in the clerk's office a certificate stating that as attorney he has not received and will not receive any fee from the employee.

Upon filing such certificate a decree will be entered ordering payment of such award and remanding the papers in the case to the workmen's compensation commission.

*Abedon, Michaelson & Stanzler, Richard A. Skolnik,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for respondent.