DRAKE BAKERIES, INC. *vs.* HENRY C. BUTLER.

OCTOBER 29, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is an employee's motion to assess costs against an employer for services rendered by his attorney in successfully prosecuting before this court an appeal from a final decree of the workmen's compensation commission. See *Drake Bakeries, Inc.* v. *Butler*, 94 R. I. 84, 178 A.2d 295.

The motion is based on the provisions of G. L. 1956, §28-35-32, as amended by P. L. 1961, chap. 134, which became effective on June 8, 1961, and reads as follows:

"*Costs—Counsel and witness fees.*—No fee shall be charged by the clerk of any court or of the workmen's compensation commission for the performance of any service required by this chapter, except for certified copies of decrees and copies of transcripts. In proceedings under said chapter, costs shall be awarded, including counsel fees and fees for medical and other

expert witnesses, to employees who successfully prosecute petitions for compensation, petitions for medical expenses, petitions to amend preliminary agreements and all other employee petitions, except petitions for lump sum commutation, and to employees who successfully defend, in whole or in part, petitions for review filed by employers. Such costs shall be assessed against the employer by a single commissioner, by the full commission on appeal and by the supreme court on appeal consistent with the services rendered before each tribunal and shall be made a part of the decree. No employee's attorney shall accept any other or additional fees for his services for the particular petition for which the fees are awarded in each tribunal. No costs or counsel fees shall be awarded to an employee whose petition is filed within twenty-one (21) days of the date of his injury."

A brief recital of the travel of this case will be helpful. The employee, whom we shall hereinafter refer to as respondent, was awarded compensation for partial incapacity by a final decree of the commission entered on May 9, 1960, for a compensable injury sustained prior to that date while employed by Drake Bakeries, Inc., hereinafter referred to as petitioner. On October 11, 1960, petitioner filed a notice of intention to discontinue, suspend or reduce payments on the ground that respondent was able to return to the same work which he performed at the time of his injury. The respondent filed a notice of intention to dispute petitioner's claim on the ground that his incapacity still continued.

On May 1, 1961, the commission entered a final decree affirming the decree of the single commissioner ordering discontinuance of compensation on the ground that respondent was able to perform his former work. From such decree respondent appealed to this court. In *Drake Bakeries, Inc.* v. *Butler, supra,* filed March 1, 1962, his appeal was sustained on the ground that the commission had committed prejudicial error in failing to consider a

certain medical report. On March 26, 1962 the commission entered a new decree reversing the decree entered on May 1, 1961.

On May 2, 1962 respondent filed a petition in this court praying that we order the commission to certify the records of the case so that we could consider a motion by him to assess costs against petitioner for counsel fees for successfully prosecuting his appeal in this court. We granted the petition and thereafter, on May 8, 1962, respondent filed the instant motion together with a certificate of his attorney setting forth the services rendered by him in preparing and prosecuting the appeal in question. Such certificate also states that respondent's attorney has complied with the requirements of §28-35-32, as amended, and that a fair and reasonable fee for his services is $500. The respondent is making no claim for legal services rendered prior to the effective date of the amendment, June 8, 1961.

The petitioner concedes that §28-35-32, as amended, is procedural and that if the statute is valid and a counsel fee is assessed as costs, the fee should be consistent with the services rendered before this court since June 8, 1961.

Before considering the constitutional questions raised by petitioner we shall dispose of two preliminary questions. Its contention that §28-35-32, as amended, does not apply on the ground that this proceeding is not a petition to review is without merit. Although it was commenced by the filing of an employer's notice of intention to discontinue, suspend or reduce payments under §28-35-46, the proceeding is in substance an employer's petition to review respondent's capacity for work and was so treated by this court. See *Drake Bakeries, Inc.* v. *Butler, supra.*

The petitioner next contends that the instant motion is not timely. It argues that since the statute provides that "Such costs * * * shall be made a part of the decree" it was incumbent upon respondent to have costs assessed by this

court before the decree was entered so that they could be included therein, and that when a decree is entered without providing for costs the employee is precluded from thereafter raising the question.

Although we believe that orderly procedure would be better served by disposing of the question of costs, including counsel fees, prior to the entry of a decree by the respective tribunals, there is nothing in the statute depriving this court of jurisdiction to hear and determine the instant motion, if the statute is otherwise valid. The petitioner has not been prejudiced by the filing of such motion after the entry of the decree in question and its contention is without merit.

We come now to the constitutional questions raised by petitioner, namely, that §28-35-32, as amended, violates the equal protection and due process provisions of sec. 1 of the fourteenth article of amendments to the constitution of the United States. The petitioner does not base its attack on the ground that the statute is unconstitutional because it does not apply to both parties. It bases its claim of unconstitutionality on the grounds that the statute fails to provide the respective tribunals with any discretion or to prescribe any standards to guide such tribunals in awarding costs to employees who successfully prosecute or defend actions within the purview of the statute. Finally petitioner argues that the statute is mandatory and that costs must be awarded to successful employees regardless of the circumstances of the particular case.

Regardless of the fact that the statute itself makes the allowance of a fee mandatory, the allowance of the amount of the counsel fee is discretionary. In our opinion the statute is addressed to the sound judicial discretion of the single commissioner, the full commission on appeal and the supreme court on appeal to award costs and fix the amount thereof according to the merits and circumstances of the

particular cases before each of those tribunals. *Gomes* v. *Bristol Mfg. Corp.*, 95 R. I. 126.

The statute also prescribes a standard to guide the respective tribunals. It applies only to employees who successfully prosecute or defend the prescribed actions. Whether an employee has successfully prosecuted or defended such actions is a question to be determined in the first instance by the respective tribunals in each case. In the view that we have taken, it is our opinion that petitioner's constitutional objections are without merit. See *Gomes* v. *Bristol Mfg. Corp.*, *supra*. For this reason we do not deem it necessary to discuss the cases from other jurisdictions which have been cited by the parties.

The respondent has successfully defended in this court the petitioner's petition to review and is therefore entitled to counsel fees under the statute. After carefully considering the services rendered as shown by his counsel's certificate since the effective date of the statute in preparing and prosecuting the appeal, it is our opinion that the sum of $200 is a fair and reasonable fee therefor.

The respondent's motion is granted, costs for such counsel fee in the sum of $200 are hereby awarded to the respondent and assessed against the petitioner, and the cause is remanded to the workmen's compensation commission for entry of a new decree in accordance with this opinion.

*Worrell and Hodge, Eldridge H. Henning, Jr., Richard D. Worrell,* for petitioner.

*Stephen F. Mullen,* for respondent.