247 A.2d 834.

HASSENFELD BROS., INC. AND AETNA CASUALTY AND SURETY COMPANY *vs.* RUTH WOLOWICZ.

NOVEMBER 19, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an employer's petition to review incapacity. It is before us on the employee's appeal from a final decree of the workmen's compensation commission affirming the decree of a single commissioner.

The record establishes that respondent, hereinafter referred to as "employee" was employed for some three years by Hassenfeld as an "Injection Molder." A housewife and mother of three minor children, employee's domestic obligations were such that her hours of employment were from 11:00 P. M. to 7:00 A. M., the third shift, so-called.

On June 17, 1966, while engaged in her regular occupation, employee struck her right arm on an angle iron, sustaining an injury diagnosed as "Tennis elbow." This injury subsequently resulted in total incapacity, and a preliminary agreement was signed between the parties on October 14, 1966. It fixed employee's average weekly wage at the time of her injury at $70.70 and provided for weekly compensation of $45.00 so long as the incapacity remained total.

The record further establishes that some time in January 1967, Hassenfeld offered employee a position on the 11:00 P. M. to 7:00 A. M. shift similar to her regular employment. The employee tried this work but was apparently unable to do it. Hassenfeld then offered her light work as an inspector which, however, was available only on the first two shifts and these conflicted with employee's domestic obligations. It is not disputed that the only type of work available on the third shift was that which employee was found unable to perform.

On February 24, 1967, after all offers of light work had been explored and found wanting, Hassenfeld and its carrier filed the instant petition. It sought to have the commission determine that employee was able to return to light

selected work and to fix the dollar value of employee's weekly earning capacity as authorized by the first proviso of G. L. 1956, §28-33-18.

The employee answering, admitted that she was able to do light work but alleged that she had not been offered suitable light work commensurate with her then disability. This answer clearly sought to invoke the benefit of the second proviso of said §28-33-18, which entitled a partially incapacitated employee to total compensation when such employee has been unsuccessful in obtaining suitable work that she is able to perform despite a bona fide effort and the employer has neither offered her such work nor given evidence as to where such work might be obtained.

The petition was heard by a single commissioner, at which hearing Hassenfeld introduced the preliminary agreement; a report of Dr. Carroll Silver to the effect that employee could do light work; and testimony of its personnel director regarding efforts to furnish employee with suitable light work.

The employee testified that she could do some light work with limited use of her right arm, but repeatedly stated that because of her household duties her working hours were limited to the third shift.

After the parties had rested, the single commissioner entered an interlocutory order in which he found that employee's incapacity had diminished from total to partial; he then recessed the hearing for the purpose of providing employee with an opportunity to make a bona fide effort to obtain suitable work that she was able to perform. This order was contained in an interlocutory decree entered April 18, 1967, pursuant to a decision mailed to employee the previous April 12.

The hearing was resumed April 25, 1967, at which time employee testified as to her efforts to find suitable work that she was able to perform. It appears that she devoted

at most some five hours extending over a period of two days. She first applied to the social security office where, in her words, she was told, "* * * I would have to go into a different category, not being able to use this arm to any extent; and I'd have to have doctors' papers in order to register." Although not developed in her testimony, it would appear from the foregoing, and employee's repeated references to the limited use she could make of her right arm, that her attempts to procure light work through registration at the social security office ended up with a discussion regarding possible benefits under the temporary disability act, or cash sickness, so-called. Indeed, employee's quoted testimony and repeated references to the condition of her arm led the single commissioner to observe, "Mrs. Wolowicz, I have the impression that you don't really think that you can do any work." In any event, if the information that she needed doctors' papers was related to her obtaining light work, employee did not follow it up.

In addition to her visit to the social security office, employee called at three places of private employment where, she testified, no suitable work was available. She gave several reasons, including sickness and lack of transportation, why her search was limited to two days.

The single commissioner noted that there had been only a week's time between the entry of the decree and the hearing. He offered to continue the hearing and afford her more time if she felt that she needed it, but from employee's responses to that offer he determined that no useful purpose would be served and the parties rested.

In his decision, the single commissioner found that employee's incapacity was partial, and that she had not made a bona fide attempt to find suitable work that she was able to perform. He refused to fix the dollar value of her then earning capacity and ordered petitioner to pay com-

pensation for maximum partial incapacity. He also awarded employee's counsel a fee of $50.

From the decree entered pursuant to said decision, petitioners and employee appealed to the full commission. In their appeal, petitioners assigned as reasons therefor that the single commissioner erred in refusing to fix the dollar value of employee's earning capacity in accordance with the first proviso of §28-33-18, and in awarding a counsel fee.

In her claim of appeal to the full commission, employee assigned several reasons which can be compressed into two contentions; namely that the single commissioner's finding that employee had not made a bona fide attempt to obtain suitable work that she could perform was contrary to law and that the counsel fee of $50 was so unrealistic as to be arbitrary and an abuse of sound judicial discretion.

In their decision, the full commission affirmed the findings of the single commissioner, denied and dismissed both appeals, and awarded employee's counsel a $50 fee for services in connection with petitioner's appeal. From the full commission's decree, entered in accordance with their findings, employee seasonably appealed to this court.

In connection therewith, she has assigned the reasons advanced in support of her appeal to the full commission and the additional reason that the full commission's award of a $50 counsel fee was likewise arbitrary, amounting to an abuse of sound judicial discretion.

With respect to her contention that the finding — that employee had not made a bona fide effort to obtain suitable work that she was able to perform — is contrary to law, employee argues that in his decision the single commissioner predicated his finding on employee's refusal to accept light work on any shift but the third, and not on the question of whether her efforts to obtain suitable work were made in good faith. "Suitable work" as the phrase is used

in §28-33-18, she contends, was legislatively designed to give a partially incapacitated employee, such as she, compensation for total disability if light work that she was able to perform was not available within the hours she was accustomed to working. Assuming that her contention regarding the legislative intent has merit, it is difficult to agree that the single commissioner was so motivated in light of his continuing the hearing to afford employee an opportunity to find other suitable work that she could perform. See *U. S. Rubber Co.* v. *Marino,* 97 R. I. 142, 196 A.2d 169.

Giving her the benefit of what she feels was the single commissioner's motivation, employee takes nothing thereby in light of the full commission's findings. It is their decree that is before us. *Savage* v. *Mark Elevator Co., Inc.,* 83 R. I. 401, 117 A.2d 547. The rulings of law and findings of fact contained therein represent the full commission's judgment on their independent evaluation of the record certified to them on appeal from the decree of the single commissioner. *Larose* v. *Warwick Brass Foundry, Inc.,* 97 R. I. 459, 198 A.2d 668. If there is any competent evidence in that record, or reasonable inference to be drawn therefrom which supports the findings of the full commission, such findings, absent fraud, cannot be disturbed by this court. *School House Candy Co.* v. *Ferrucci,* 88 R. I. 109, 143 A.2d 304.

Here, whatever rationale may have motivated the single commissioner, the full commission found as a fact that what they described as employee's "meager attempt" did not constitute the bona fide effort mandated by the statute. We have heretofore held that since the issue of what constitutes a bona fide effort is a question of fact, it is within the sole province of the commission to determine what constitutes a bona fide attempt to obtain suitable work. *Armour and Company* v. *Greco,* 95 R. I. 149, 185 A.2d 98. In the

case at bar the full commission made such a finding adverse to employee. Her reason of appeal on this issue is without merit.

We turn now to a consideration of employee's remaining reasons of appeal, namely, that the full commission erred in refusing to modify by increasing the single commissioner's award of a $50 counsel fee for services performed before him, and further that the full commission's award of a $50 counsel fee for services performed before them is so arbitrary as to constitute an abuse of discretion.

Although petitioners have not appealed, and the validity of the awards of counsel fees by the single commissioner in the first instance and the full commission thereafter are technically not before us, we deem it advisable to an intelligent comprehension of the issues involved to note parenthetically that the single commissioner based his award of an employee's counsel fee on his refusal to fix the dollar value of employee's earning capacity as prayed by petitioners. The cause being before him on an employer's petition to review, the single commissioner found, in effect, that employee had successfully defended in part and was therefore entitled to allowance of a counsel fee as provided in §28-35-32, as amended.

The petitioners then appealed to the full commission and when that appeal was denied, employee having successfully defended, was properly awarded a counsel fee for the services performed before the full commission.

The correctness of the premise that employee was partially successful before both the single commissioner and the full commission was not appealed to this court by petitioners and, for the purposes of the instant appeal, the correctness of that premise is established.

We have heretofore held that denial of a counsel fee by a single commissioner where, under the statute, a counsel fee should have been awarded, constituted a valid reason

of appeal to the full commission, and, similarly, denial by the full commission constitutes a valid reason of appeal to this court. *United States Rubber Co., supra.* The instant appeal, however, is concerned not with employee's right to an award of a counsel fee as cost both before the single commissioner and the full commission. Rather, it raises the related questions of whether the amount of the fee awarded constitutes a valid reason of appeal and, if so, whether the fees awarded by the single commissioner and the full commission are so inadequate as to call for revision. We are of the opinion that both questions should be answered in the affirmative.

In *Drake Bakeries, Inc.* v. *Butler,* 95 R. I. 143, 185 A.2d 108, we held that the fixing of counsel fees as authorized by §28-35-32, as amended, was an exercise of sound judicial discretion and that such discretion should be exercised in light of the circumstances of each case, citing *Gomes* v. *Bristol Manufacturing Corp.,* 95 R. I. 126, 184 A.2d 787. Later, in *Palumbo* v. *U. S. Rubber Company,* 102 R. I. 220, 229 A.2d 620, we reaffirmed such guidelines stating at 229 A.2d 624, "Instead we consider all the elements which properly enter into the fee-setting process giving each such weight as may be appropriate to the peculiar circumstances of the case."

The petitioners, appellees here, apparently conceding that as an exercise of sound judicial discretion the amount of a fee is subject to review for clear abuse, argue vigorously that the burden is on him who asserts such abuse, citing *Vingi* v. *Trillo,* 77 R. I. 55, 73 A.2d 43. Here, they point out, there is no evidence or affidavit as to the length of time that employee's counsel devoted to the preparation of her case. All there is, petitioners emphasize, is the fact that counsel did participate in the hearings before the single commissioner and full commission, but that the time therein involved is a matter on which this court can only specu-

late. In such circumstances, they argue, this court should not say that the judgments of the single commissioner and the full commission as to what constituted reasonable fees amounted to an abuse of discretion.

Generally speaking, this argument is not without merit. If counsel for an employee in workmen's compensation proceedings looks to an assessment of a fee that is reasonably commensurate with the services performed, he has the burden of making known to the tribunal before whom he appears the extent and nature of the work involved in preparation. If he fails to do this, he cannot then be heard to complain that he was paid only for the time consumed at the hearing or hearings.

Nevertheless, we think that the sum of $50 for participating in two hearings before the single commissioner is so unreasonable as to be arbitrary, taking into consideration that officer's opportunity at first hand to appraise the preparatory work involved as well as the time spent at the hearings. Similarly, it is our opinion that $50 is something less than reasonable for the work performed before the full commission, although the preparation for argument before that tribunal may to some extent be represented by the work devoted to preparation for the hearing before the single commissioner.

It is our judgment that the full commission in its decree should have modified the award of the counsel fee assessed by the single commissioner to an amount reasonably commensurate with the services performed in connection with the hearing before that officer and moreover should have awarded a counsel fee for services performed before them which more approximates the value of those services than does the sum of $50. For that purpose, then, the appeal is sustained and the cause is remanded to the workmen's compensation commission for modification of their decree, in accordance with this opinion. The appeal is otherwise de-

nied and dismissed and the final decree, when modified, affirmed.

Finally, employee having prevailed here on her reasons of appeal assigning as error abuse of discretion in the amount of counsel fees awarded, she is entitled to a counsel fee for her services in this court. Accordingly, conformable to our decision in *O'Neil* v. *M & F Worsted Mills, Inc.*, 100 R. I. 647, 653, 218 A.2d 666, 669, "She shall present a motion for such fee together with a certificate by her counsel showing the services rendered in preparing and defending the appeal in this court. Upon the presentation of such motion and certificate, costs for such counsel fee shall be fixed by this court after a hearing on the question of the fairness and reasonableness of such fee. The cause will then be remanded to the workmen's compensation commission for further proceedings."

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* for petitioners-appellees.

*Cohen & Chaika, William Y. Chaika,* for respondent-appellant.