311 A.2d 842.

EMMA PENDLETON BRADLEY HOSPITAL *vs.* JOHN J. AGLI.

NOVEMBER 28, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an employer's petition to review a preliminary agreement which provided for the payment of total incapacity benefits to the respondent for a compensable injury sustained by him in December, 1969, while employed by the petitioner. The petition to review alleges that respondent's incapacity has ended and/or diminished. The trial commissioner found that respondent was no longer totally incapacitated for work as a result of the December 22, 1969 injury, but did continue to remain partially incapacitated therefrom. The full commission sustained the decree of the trial commissioner and affirmed the finding of partial incapacity. The case is before us on the respondent's appeal from the decree of the full commission.

This appeal presents a very narrow issue, namely, the extent of respondent's incapacity for work as a result of the December, 1969 work-connected injury.

The preliminary agreement indicates that as a result of a fall from a ladder respondent suffered a back strain and a leg injury. The medical evidence at the hearing before the trial commissioner regarding the extent of respondent's incapacity for work was conflicting. The respondent was examined by various doctors from the time he was injured up to and including the hearing before the trial commissioner. Only one of them testified at the hearing. Medical

reports of the examinations by the other doctors were admitted into evidence.

The reports of two of the doctors, based on examinations made on June 8, 1971, and July 12, 1971, express the opinion that respondent could go back to light work which did not require excessive bending, stooping or lifting. The third report, which is dated September 27, 1971, was made by the doctor who treated respondent from the time of the injury and was treating him at the time of the hearing. He also said that respondent should attempt "light work at least part time." In addition, the report of the impartial medical examiner, who examined respondent on December 7, 1971, expressed the opinion that respondent could "perform some work not requiring heavy lifting, excessive bending or prolonged sitting."

The hearings before the trial commissioner were held on November 16, 1971, February 14, 1972, and May 3, 1972. While the case was pending respondent was examined by another doctor on January 18, 1972 and May 1, 1972. This doctor testified before the trial commissioner on May 3, 1972. He stated that in his opinion respondent was totally disabled for work as a result of the December, 1969 injury. The respondent also testified and stated in substance that he was unable to do any work.

In his decision the trial commissioner reviewed the conflicting medical evidence and specifically referred to the testimony of the doctor who appeared as a witness for respondent. After noting that this doctor did not examine respondent until all the medical reports and the examination by the impartial medical examiner were admitted into evidence, the trial commissioner found that the great preponderance of the medical evidence indicated that respondent was not totally incapacitated for work but only partially incapacitated for work and able to perform light selected work. The full commission affirmed.

The respondent contends that the decree of the full commission is against the law and the evidence because his testimony and that of the physician who testified for him were not inherently improbable nor worthy of disbelief, and, therefore, should not have been disregarded by the trial commissioner and the full commission on appeal. He apparently relies on the doctrine set forth by this court in *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325, 330, 69 A.2d 689, 691 (1949), where the court said:

"We fully appreciate that a witness may be contradicted by the facts which he states as completely as by adverse testimony. A court is not bound to accept the testimony of a witness as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions which alone or with other circumstances in evidence affect its weight or credibility. But the rule is quite different where the positive testimony of a witness is uncontradicted and unimpeached by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic. Material testimony on a controlling issue that meets so rigid a test rarely occurs, but when it exists, as it clearly does in the instant case, it cannot be disregarded and will control the decision of the trier of facts."

The respondent misconstrues the thrust of the commission's finding. The doctrine set forth in *Walsh-Kaiser Co.* v. *Della Morte, supra,* is not applicable here. The testimony to which respondent refers was not uncontradicted or unimpeached by other positive testimony. The contrary is true. The respondent's own testimony as to his ability to work, as well as that of the doctor on whose testimony he relies, was directly contradicted by the medical testimony of the other doctors who had examined him and whose reports were in evidence. These included his own doctor, the examiner for his employer, and the impartial medical examiner. The trial commissioner gave more weight to the testi-

476

mony of the latter and inferentially rejected respondent's testimony and that of his supporting medical witness. The full commission affirmed. It is quite evident that there is ample evidence to support the finding that respondent's total incapacity had ended and that he was able to perform light work. Since there is no claim of fraud, this finding is conclusive and cannot be disturbed by this court. *Hassenfeld Bros., Inc.* v. *Wolowicz,* 104 R. I. 620, 626, 247 A.2d 834, 837 (1968). The fact that the doctor who supported respondent's claim of total incapacity examined respondent at a later time than the other doctors may affect the weight to be given to the conflicting testimony but it does not affect the relevancy of the medical testimony contained in the medical reports of the other doctors.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Carroll, Kelly & Murphy, Joseph A. Kelly,* for petitioner-appellee.

*Lovett and Linder, Ltd., Raul L. Lovett, Edward E. Dillon, Jr.,* for respondent-appellant.