Daniel ANNUNZIATA

v.

ITT ROYAL ELECTRIC COMPANY.

No. 84–20–Appeal.

Supreme Court of Rhode Island.

Aug. 17, 1984.

Raul L. Lovett, Providence, for petitioner.

Bernard W. Boyer, Providence, for respondent.

## OPINION

**PER CURIAM.**

This matter came before a panel of this court pursuant to an order issued to the employee to appear and show cause why his appeal should not be dismissed. The employer was also ordered to appear and show cause why the case should not be remanded to the Appellate Commission with directions to modify the fee awarded to counsel for the employee.

After hearing counsel for the parties and reviewing memoranda submitted, the court concludes that the employee has shown cause. However, the employer has failed to show cause, and the matter is remanded to the Appellate Commission.

The issue before the court involves the adequacy of the counsel fee awarded to the employee's attorney by the trial commissioner. The statute provides that an employee who prevails on an original petition, in whole or in part, is entitled to a reasonable counsel fee. G.L. 1956 (1979 Reenactment) § 28–35–32, as amended by P.L. 1982, ch. 32, art. I, § 10. Here the employee proved that he had been injured in the course of his employment and was awarded compensation for total and later partial disability.

■ The amount of fee to be awarded is within the sound discretion of the trial commissioner. *Drake Bakeries, Inc. v. Butler*, 95 R.I. 143, 147–48, 185 A.2d 108, 110 (1962); *Gomes v. Bristol Manufacturing Corp.*, 95 R.I. 126, 128, 184 A.2d 787, 789 (1962). The discretion must be exercised in the light of the circumstances of each case, and " 'all the elements which properly enter into the fee-setting process giving each such weight as may be appropriate' " must be considered. *Hassenfeld Bros., Inc. v. Wolowicz*, 104 R.I. 620, 628, 247 A.2d 834, 838 (1968). These elements to be considered include the amount in issue, the questions of law involved (whether they are unique or novel), the hours worked and the diligence displayed, the result obtained, and the experience, standing, and ability of the attorney who rendered the services. Each of these factors is important—but no one is controlling. *Palumbo v. United States Rubber Company*, 102 R.I. 220, 224, 229 A.2d 620, 622–23 (1967).

■ On an appeal challenging the adequacy of the counsel fee awarded, we must review the evidence in the record which establishes these elements to determine whether there has been an abuse of discretion. Unfortunately, the record in this case is devoid of any evidence on which we could conduct such a review, and we do not

have the benefit of the basis used by the trial commissioner for the fee awarded. Even though the record discloses that three hearing sessions took place, there is no evidence about their length nor is there any evidence regarding time spent in preparation. In the absence of either testimony or an affidavit setting forth the time involved in actual trial and in preparation for the hearings, we are unable to assess the adequacy of the fee awarded.

The employee's appeal is sustained. The decree appealed from is vacated insofar as it affirms the award of counsel fee by the trial commissioner. The case is remanded to the Workers' Compensation Commission for an evidentiary hearing consistent with our holding in *Colonial Plumbing & Heating Supply Co. v. Contemporary Construction Co., Inc.,* R.I., 464 A.2d 741 (1983). Following such hearing the commissioner shall set a reasonable counsel fee based on the evidence presented.

KELLEHER and MURRAY, JJ., did not participate.