Richard P. SULLIVAN

v.

EMPIRE EQUIPMENT
ENGINEERING CO., INC.

No. 83–190–Appeal.

Supreme Court of Rhode Island.

May 21, 1985.

Joseph B. Carty, Jr., Providence, for plaintiff.

Michael A. Kelly, Adler Pollock & Sheehan, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on the cross-appeals of the employee, Richard P. Sullivan, and the employer, Empire Equipment Engineering Company, Inc., from a final decree of the Workers' Compensation Commission.

We first address the appellate commission's holding that it was without jurisdiction to hear the employer's appeal because of the employer's failure to file a claim of appeal within the prescribed time. As a corollary to this holding, the appellate commission found that the trial commissioner had no authority to grant an extension of time to file a claim of appeal. We think this was in error and accordingly reverse that portion of the appellate commission's decree.

The operative section of the Workers' Compensation Act is G.L.1956 (1979 Reenactment) § 28–35–28. It states:

"Any person aggrieved by the entry of a decree by the commissioner may appeal to the appellate commission established pursuant to this section by filing with the clerk of the commission within (5) days of the date of the entry of said decree, exclusive of Saturdays, Sundays and holidays, a claim of appeal and, subject to the rules of the commission, by filing a written request for a transcript of the testimony and ruling or any part thereof desired."

The employee filed his appeal on September 20, 1982, within the five day period as set forth above. The employer attempted to file a motion for extension of time within which to claim an appeal on that same date. The employer's motion was hand delivered to a clerk of the commission on September 20, 1982 but was inexplicably lost. Upon learning of the loss of its original motion, the employer submitted a claim of appeal on October 1, 1982, together with two affidavits stating the circumstances surrounding the loss of its September 20 motion.[1] On October 12, 1982, the trial commissioner, acting within the authority granted to him by Rule 4.2 of the Workers' Compensation Commission Rules of Practice (1982),[2] entered a nunc pro tunc order granting the employer's motion for an extension of time within which to claim an appeal to October 1, 1982, and validated the employer's October 1, 1982 claim of appeal.

The appellate commission denied it had jurisdiction over the employer's appeal, reasoning that the claim of appeal had not been filed within the five-day period provided for by § 28–35–28 and that this period could not be extended. Accordingly, the appellate commission stated that the trial commissioner's nunc pro tunc order had no legal force or effect.

We find that this determination was in error and that the appellate commission based its decision on a misinterpretation of applicable law. We think that a trial commissioner has discretion to extend the time in which to claim an appeal. Further, the exercise of that discretion in this instance was proper.

■ Rule 4.2 impliedly authorizes a trial commissioner to extend the statutory period in which a party may file a claim of appeal.[3] This rule is not in conflict with § 28–35–28. Rather, it augments § 28–35–28. Rule 4.2 was promulgated based on the authority provided by §§ 28–30–1 and 28–30–12. Section 28–30–1 grants the commission such jurisdiction as is necessary to carry out the provisions of the Workers' Compensation Act, and § 28–30–12 provides that the commission may "adopt *rules of procedure* to secure [the] speedy, efficient, informal and inexpensive disposition of all proceedings * * *." (Emphasis added.) Section 28–30–12 confers upon the commission rule-making authority as to procedural matters, although it does not permit the commission to exercise this authority to enlarge or decrease the jurisdiction conferred upon it by the Legislature. *United Wire & Supply Corp. v. Frenier*, 87 R.I. 31, 137 A.2d 414 (1958). Rule 4.2 is

1. The second of these affidavits has generated a significant amount of confusion in the appellate commission. In that affidavit, John A. Tarantino, an attorney with the law firm representing the employer, stated that the September 20 motion was "a Motion for Extension of Time within which to file *reasons of appeal*." Such a motion, even if granted, would not extend the time in which to file a *claim of appeal*. An examination of a copy of the September 20 motion, however, makes clear that it was in fact a motion for extension of time to file a claim of appeal, not for an extension of time to file reasons for appeal. A second affidavit executed by John A. Tarantino on April 7, 1983 states that his description of the September 20 motion was "technically incorrect." We accept this explanation and consider the September 20 motion that was lost by the commission as one for an extension of time in which to file a claim of appeal.

2. Adoption of commission rules is expressly authorized by G.L.1956 (1979 Reenactment) § 28–30–12.

3. The pertinent part of Rule 4.2 of the Workers' Compensation Rules of Practice states that "[a]ny extensions granted for extending the filing time of the claim of appeal and transcript shall likewise forthwith be sent to all other parties."

a procedural rule. It neither enlarges nor diminishes the legislative grant of jurisdiction. Additionally, it furthers the Legislature's intent that proceedings be disposed of quickly and efficiently by ensuring that all parties have sufficient time in which to prepare their appeals fully. We believe that the decision of whether to extend the time in which to file a claim of appeal under Rule 4.2 should be left to the sound discretion of the trial commissioner. Moreover, we are of the opinion that such an extension is not outside the grant of legislative authority. Accordingly, Rule 4.2 stands as a valid basis of authority upon which the trial commissioner may extend the time to file a claim of appeal.

██ There is nothing in the record to indicate that the trial commissioner's exercise of his Rule 4.2 discretion was improper. Further, the employer's motion for an extension of time was filed in a timely manner. Its loss cannot be attributed to the respondent. Rather, it was lost inadvertently by the commission. Accordingly, this seems an appropriate instance for the issuance of a nunc pro tunc order.

Turning to employee's cross-appeal, the appellate commission ruled that the trial commissioner had not erred in determining that Sullivan's average weekly wage, for purposes of determining his compensation, was $243. Sullivan claims that the appellate commission erred in sustaining this finding. We cannot agree.

██ The findings of the Workers' Compensation Commission may not be disturbed, absent fraud, if there is any competent evidence or a reasonable inference that may support those findings. *Hassenfeld Bros., Inc. v. Wolowicz*, 104 R.I. 620, 247 A.2d 834 (1968). We think competent evidence exists to support the commission's findings. More appropriately, there is a lack of competent evidence to support the employee's theory of the facts. Sullivan was president and director of engineering for Empire. As such, he determined his own level of compensation. The employee contends that a certain $25,000 payment

was made to him by the employer on December 15, 1979, and that it should have been included in the computation of his average weekly wage. We agree that if such a payment were established, it would have been in the nature of a bonus and would be includable in computing the employee's average weekly wage. Section 28–33–20. *Cf. Shortall v. Brown & Sharpe Manufacturing*, 74 R.I. 237, 60 A.2d 143 (1948) (employee is entitled to receive compensation on the basis of his total earnings, which means the reward that he has gained by labor or personal services irrespective of the standard by which such earnings are measured). However, the $25,000 payment was not proved. At trial, evidence was introduced showing that the employee drew an average weekly salary of $243. Empire's accountant also referred generally to certain other payments made to the employee. The specific amount of these payments, however, was never introduced into evidence. Nor was there any testimony showing that the December 15, 1979 payment was ever made. In light of this record, we cannot say that the commissioner's finding or the appellate commission's affirmance of an average weekly wage of $243 was clearly erroneous or unsupported by competent evidence. We thus affirm this portion of the appellate commission's holding.

For the reasons stated above, the decree of the Workers' Compensation Commission is affirmed in part and reversed in part. The papers in this case may be remanded to the Workers' Compensation Commission for further proceedings not inconsistent with this opinion.