Kathie **FALLON**

v.

**SKIN MEDICINE & SURGERY CENTERS OF RHODE ISLAND, INC.**

**No. 97–158–M.P.**

Supreme Court of Rhode Island.

June 19, 1998.

John Harnett, Carl J. Asprinio, Providence, for Plaintiff.

John J. Hogan, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter comes before this Court on a petition for certiorari in which we are asked to review a majority decree of the Appellate Division of the Workers' Compensation Court affirming an award of counsel fees made by a trial judge in that Court following an award on an employee's original petition for workers' compensation benefits.

The petitioner is the attorney for the employee. He claims that the trial judge abused her discretion in fixing the amount of the counsel fee awarded and that the Appellate Division erred in affirming the award.

### I

### Case Travel

This matter initially came before the Workers' Compensation Court on an employee's original petition seeking benefits for an alleged aggravation of a pre-existing arthritic condition resulting from her employment as a registered nurse with her present employer.

Following trial on her petition a Workers' Compensation Court trial judge found in favor of the employee and awarded partial-disability benefits at a 50 percent level from August 18, 1995, through May 7, 1996; ordered the employer to pay 50 percent of the employee's medical bills; and ordered payment of $300 as an expert witness fee to the employee's medical doctor. Counsel then submitted a fee request for $2,908.75 with supporting affidavit for time and services performed. The trial judge, after noting that she had reviewed counsel's fee request and affidavit "in accordance with the provisions of *Annunizata* [*sic*] *Annunziata v. ITT Royal Electric Co.*, 479 A.2d 743 (R.I.1985 [1984])," then awarded a twelve hundred $1,200 fee to

counsel "for their partial success in prosecuting this petition." The trial judge's finding in regard to the employee's entitlement to partial compensation and disability was not appealed, but counsel appealed from the award of counsel fees, claiming the award to be inadequate.

## II

### Analysis

The petition before us requires our consideration of G.L.1956 § 28–35–32. That statute authorizes the Workers' Compensation Court to award costs, including counsel fees, to employees who successfully prosecute petitions for compensation, petitions for medical expenses, and other employee petitions. It also authorizes counsel fees to be awarded for "employees who successfully defend, in whole or in part, proceedings [filed by employers] seeking to reduce or terminate" an employee's compensation benefits. *Id.*

It is significant to note that the statute specifically omits any reference to an employee's original petition that is only partially successful as permitting an award for counsel fees. In fact this Court in *Lemoine v. Coby Glass Products Co.*, 115 R.I. 86, 341 A.2d 40 (1975), specifically noted that § 28–35–32

> "clearly provides that attorney's fees may be awarded only if an employee has achieved either complete success in prosecuting certain specified claims or partial success in defending against an employer's petition for review. Because the employee instituted the instant proceedings and failed to achieve complete success at any stage thereof, nothing in the statute entitles her to an award of fees for her attorney." 115 R.I. at 89, 341 A.2d at 42.

The *Lemoine* holding was premised on what this Court had said earlier in *Capaldi v. Liberty Tool & Gage Works, Inc.*, 99 R.I. 236, 239, 206 A.2d 639, 641 (1965), regarding § 28–35–32 as not conferring any authority upon the Workers' Compensation Court to award a fee for "partial success in the prosecution of a petition." *See also, Mastronardi v. Zayre Corp.*, 120 R.I. 859, 866, 391 A.2d 112, 117 (1978); *Natale v. Frito–Lay, Inc.*, 119 R.I. 713, 719, 382 A.2d 1313, 1316 (1978).

The first mention of any right to a counsel fee under § 28–35–32 for "an employee who prevails on an original petition in whole or in part" is found in *Annunziata v. ITT Royal Electric Co.*, 479 A.2d 743, 744 (R.I. 1984). The *Annunziata* court premised that conclusion upon its reading of the P.L.1982 amendment of § 28–35–32. Unfortunately, however, the 1982 amendment was misread. Public Laws 1982, ch. 32, art. I, § 10, did not in any manner add the "in whole or in part" success language to an original employee petition.[1]

Accordingly the statement found in *Annunziata* that alludes to § 28–35–32 as amended in 1982 providing for an award of counsel fees to an employee's counsel if the employee prevails on an original petition in whole or in part is not accurate. *Annunziata*, however, does accurately set out the elements or guidelines that should be considered by a trial judge in determining the amount of counsel fee that § 28–35–32 permits for "successfully" prosecuting an employee's original petition for compensation. Because of the apparent conflicting and confusing views that have enveloped the word "successfully" as pertains to an employee's petition for workers' compensation benefits in § 28–35–32, we deem it advisable at this time to take in a deep breath of new, fresh air and revisit what has been said and done with the word "successfully" in that statute as it pertains to petitions for benefits by employees in the Workers' Compensation Court.

■ Our workers' compensation legislation originally enacted as chapter 831 in the Public Laws of 1912, and as recently last generally amended in the 1995 Reenactment,[2] represents comprehensive economic and social

---

1. The only changes made to G.L.1956 § 28–35–32 by the 1982 legislative amendment pertained to the substitution of the word "proceedings" for "petitions for review" filed by *employers* and eliminating the last sentence in the original enactment that denied any attorney's fee or costs for employee petitions that were filed within twenty-one days of the date of an employee's injury. P.L.1982, ch. 32, art. 1, § 10.

2. P.L.1995, ch. 323.

legislation reasonably related to a legitimate state purpose intended to assist and protect employees who have suffered job related injuries. Such legislation is pursuant to a proper legislative exercise of the state's police power. *Sayles v. Foley,* 38 R.I. 484, 489, 96 A. 340, 343 (1916). Its provisions are to be liberally construed in order to effectuate the purposes that led to its enactment. *Volpe v. Stillman White Co.,* 415 A.2d 1034 (R.I.1980); *Fontaine v. Caldarone,* 122 R.I. 768, 412 A.2d 243 (1980). Accordingly we now interpret the wording in § 28–35–32 pertaining to the award of a counsel fee to an attorney who successfully prosecutes an employee's original petition for benefits to authorize a fee award whenever the benefits or relief sought by the petitioner is granted, whether in whole or in part. We do away with any of the previous distinctions between complete success and partial success. In that regard, and in extending the statute a liberal interpretation, we believe that the Legislature intended the word "successfully" to be interpreted in its generally accepted sense and to include all manner or measure of success. The word "successfully" in the context of § 28–35–32 we construe to mean resulting in success. Random House Unabridged Dictionary 1899 (2nd ed. 1993). We believe "that the legislature intended to confer upon injured employees an additional benefit in the form of counsel fees when litigation undertaken to obtain compensation therefor terminates finally in an award." *Capaldi,* 99 R.I. at 239, 206 A.2d at 641. Thus if an injured employee who petitions for workers' compensation benefits is successful in obtaining benefits, his or her counsel ought to be compensated reasonably for his or her efforts in bringing about the successful result. The amount of such compensation is of course a matter that *is* left to the sound discretion of the trial judge who at first hand observed counsel's work and efforts.

■ In setting a counsel fee, the trial judge, as noted in *Annunziata,* is permitted to consider the compensation benefits and amounts recovered, the questions of law involved in the proceeding, the experience and ability of counsel, and the time and diligence required of counsel in the preparation for as well as the litigation itself. We note in this record that one of the considerations utilized by the trial judge in arriving at the amount of counsel fee she believed reasonable in this case was what she determined to be only partial success on that employee's petition. We discern no error in that consideration because it is certainly encompassed within the first guideline announced in *Annunziata,* namely, "the amount in issue" resulting from the award of benefits to the injured employee. However, we reiterate what has been noted in *Annunziata,* 479 A.2d at 744, that while a trial judge's award of counsel fees is discretionary, that discretion must be exercised in light of the circumstances present in each case, and each of the elements that enter into the fee setting process must be considered and evaluated with regard to their particular relevance in the final amount determined by the trial judge to be fair and reasonable. *Hassenfeld Bros., Inc. v. Wolowicz,* 104 R.I. 620, 628, 247 A.2d 834, 838 (1968); *Palumbo v. United States Rubber Co.,* 102 R.I. 220, 226, 229 A.2d 620, 624 (1967). When a trial judge's award of counsel fees is challenged as in this case, we accord great deference to the trial judge's discretion and shall not disturb an exercise of that discretion unless we find a clear abuse thereof on the part of the trial judge.

■ On the basis of the record before us, all that we are able to review with regard to the trial judge's reasons for fixing the amount of the counsel fee is her general conclusory statement that "[t]he Court has reviewed the counsel fee affidavit in accordance with the provisions of *Annunizata* [*sic* ]" and her later finding of fact apparently based thereon that the counsel fee is in some way premised upon counsel's "partial success in prosecuting this petition." The degree of success achieved by counsel in prosecuting the employee's original petition was certainly a valid consideration for the trial judge to factor into her final counsel fee award. However, more than the mere general recitation that such had been done is required for any proper review by the appellate division and ultimately perhaps by this Court. The Appellate Division, in a majority decision, affirmed the trial judge's fee award, stating that "the decision of the trial judge leads us

to the inescapable conclusion that *impliedly* all the elements contained in *Annunziata* were reviewed and served as the basis for her award." We are not so inclined to accept the Appellate Division's "inescapable conclusion" that appears to be based entirely upon the trial judge's general conclusory statement that she considered all the *Annunziata* elements. We are somewhat reluctant to acknowledge the automatic transformation of a general conclusion into an "inescapable conclusion" without observing the component elements in the mutation of the two. On the record before us we are left to speculate as to just what consideration and weight were given to each of the *Annunziata* elements. All that we can be certain of is that the trial judge, in arriving at the amount of fee she believed to be fair and reasonable, determined that counsel's efforts had only been partially successful. We acknowledge that in setting a counsel fee pursuant to § 28–35–32, "[w]hether an employee has successfully prosecuted or defended such actions is a question to be determined in the first instance by the respective tribunals in each case." *Drake Bakeries, Inc. v. Butler,* 95 R.I. 143, 148, 185 A.2d 108, 110 (1962). However clear that finding by the trial judge is, we are unable from that fact alone to determine from the record before us whether she properly exercised her discretion in setting the counsel fee in question.

### III

### Conclusion

Accordingly we grant the petition for certiorari, quash the Appellate Division's decree, and remand this matter to the Workers' Compensation Court with direction that it be remanded to the trial judge so that she may reconsider her award of counsel fees in accordance with this opinion, the partial success achieved by counsel's efforts, and the *Annunziata* guidelines and, in so doing, to set out her reasoning for the amount of fee she deems to be fair and reasonable.