Robert T. SMITH

v.

COLONIAL KNIFE CO., INC.

No. 98–400–M.P.

Supreme Court of Rhode Island.

June 22, 1999.

John Harnett, Carl J. Asprinio, Providence, for Plaintiff.

Thomas R. Bender, Michael T. Wallor, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

This matter came before the Supreme Court on May 19, 1999, pursuant to an order directing the parties to appear in order to show cause why the issue raised in this petition for certiorari should not be summarily decided. We issued the writ in order to review the decree of the Appellate Division of the Workers' Compensation Court (Appellate Division) declaring that holiday pay ought not to be included in the calculation of the average weekly wage for workers' compensation purposes pursuant to G.L.1956 § 28–33–20.[1]

---

1. General Laws 1956 § 28–33–20(a)(1) provides the following formula for computation of average weekly wages:

"For full-time or regular employees, by dividing the gross wages, exclusive of overtime pay, provided * * * that bonuses shall be averaged over the length of employment * * *

earned by the injured worker in employment by the employer in whose service he or she is injured during the thirteen (13) calendar weeks immediately preceding the week in which he or she was injured, by the number of calendar weeks during which, or any portion of which, the worker was actually em-

## Facts and Procedural History

The petitioner, Robert T. Smith (Smith or employee), was injured on January 23, 1995, during the course of his employment for Colonial Knife Co., Inc. (Colonial or employer). Prior to this litigation, Smith had been collecting weekly workers' compensation benefit payments based upon his average weekly wage at Colonial in the amount of $491.77. The single issue heard at the trial level, and thereafter, before the Appellate Division, was whether holiday pay should be included in the calculation of the employee's average weekly wage. Smith argues to this Court that the provisions of § 28–33–20 were misinterpreted by the trial court and Appellate Division and that his correct average weekly wage should be $543.94, which includes holiday pay earned within the thirteen (13) weeks prior to his date of incapacity. The parties stipulated that holiday pay is determined by multiplying the employee's regular hourly rate of pay, by eight hours. They further agreed that to be eligible to receive holiday pay, the employee must have been employed at Colonial for three months prior to the holiday, and must have worked on the day before and the day after the holiday.

The trial judge determined that holiday pay should not be included when calculating the employee's average weekly wage "since the legislature specifically took the pains to include paid vacation time but failed to mention anything about holiday pay, that it was there [sic] intent not to have such pay included in the calculation of the average weekly wage." Conversely, Smith argues that the failure to mention holiday pay in the statute indicates a legislative intent to treat it as either gross wages or vacation pay. The Appellate Division determined that holiday pay should be excluded in accordance with a general "rule of statutory construction that states an expressed enumeration of items [listed] in a statute indicates a legislative intent to exclude all items not listed." See Murphy v. Murphy, 471 A.2d 619, 622 (R.I.1984). The Appellate Division also stated that they routinely "exclude vacation pay from the calculation of the average weekly wage on the grounds that it did not represent wages earned but a payment made by virtue of prior services rendered." See Robidoux v. Uniroyal, Inc., 116 R.I. 594, 598, 359 A.2d 45, 48 (1976).

Smith challenges the decision of the Appellate Division and seeks relief from this Court. This is a case of first impression before this Court.

## Analysis

■ Our workers' compensation legislation was enacted to embody "comprehensive economic and social legislation reasonably related to a legitimate state purpose intended to assist and protect employees who have suffered job related injuries." Fallon v. Skin Medicine & Surgery Centers of Rhode Island, Inc., 713 A.2d 777, 779–80 (R.I.1998). The provisions of the Workers' Compensation Act are to be liberally construed in order to effectuate the benevolent purpose that led to its enactment. Id. at 780; see also Volpe v. Stillman White Co., 415 A.2d 1034, 1035 (R.I. 1980); Fontaine v. Caldarone, 122 R.I. 768, 771, 412 A.2d 243, 245 (1980).

■ In remaining consistent with the goals of workers' compensation, we are of the opinion that holiday pay should be included in the calculation of gross wages. To conclude otherwise is patently unfair to the injured employee who should not suffer a loss of compensation based upon the fortuitous event of when one's incapacity occurs.[2]

ployed by that employer, including any paid vacation time * * *."

**2.** See Morgan v. Davol, Inc., 458 A.2d 1082, 1083 (R.I.1983) (where this Court vacated a decision of the Appellate Division that denied the employee benefits for injuries incapacitating the employee for at least three days. We concluded that if the incapacity extended beyond three days, compensation starts on the fourth day from the date of the injury, "no

To allow the date of one's incapacity to dictate the amount of workers' compensation benefits recovered produces an absurd result contrary to the policy and purpose underlying the act. *See generally Sorenson v. Colibri Corp.*, 650 A.2d 125, 129 (R.I.1994). We conclude that the legislative intent of § 28–33–20 is to provide the employee with an equitable formula for the calculation of benefits while providing a safeguard for the employer against the possibility of excessive claims brought by a newly hired employee. We determine that excluding holiday pay from the calculation of gross wages precipitates an inequitable result for the unfortunate employee who incurs injuries at work during or immediately after a holiday season.

For the reasons stated herein, the employee's petition for certiorari is granted. The final decree of the Appellate Division is hereby quashed, and the papers in this case are to be remanded to the Appellate Division with our decision endorsed thereon and with our direction to enter a new final decree consistent with this opinion.

matter whether the waiting period fortuitously embraces a holiday or any other day on which an employee would not normally be expected to work.").