### DRAKE BAKERIES, INC. *vs.* HENRY C. BUTLER.

#### MARCH 1, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an employer's petition to review the respondent employee's capacity for work, based on the latter's notice of intention to dispute the petitioner's notice of intention to discontinue compensation for partial incapacity. The cause is before us on the respondent's appeal from a decree of the workmen's compensation commission affirming the decree of a single commissioner ordering dis-

continuance of compensation by reason of the respondent's ability to resume his former work.

It appears from the record that respondent was injured in the course of his employment with petitioner on December 27, 1957. He was regularly employed as an "oven man" and injured his back in attempting to push a heavy cake cart, or tray, assisted by one fellow employee, where ordinarily the operation required the services of four employees.

It further appears that although respondent suffered no immediate loss of earnings he was, by a final decree entered May 9, 1960, awarded compensation for partial incapacity. The respondent was employed by petitioner as a watchman for some period of time, the extent of which does not appear from the record. This employment ceased and at the time the hearing on the instant petition was commenced he had been unemployed for some months. Before the conclusion of the last hearing, January 31, 1961, he had obtained employment elsewhere as a janitor on December 5, 1960.

The record further establishes that on October 11, 1960 petitioner filed notice of intention to discontinue, suspend or reduce compensation payments and on October 18 respondent notified the commission of his intention to dispute. The cause was assigned to and heard in part on October 31, 1960, and further heard on several subsequent dates. In addition to the testimony of respondent, Doctors Henry B. Fletcher, Vincent Zecchino and Stanley D. Simon also testified and their reports were received in evidence.

Pending the hearing on the petition, respondent was examined on October 26, 1960 by Dr. Louis A. Sage at the request of the workmen's compensation commission pursuant to the provisions of G. L. 1956, §28-35-48.

During the course of the hearing petitioner moved to have the report of Dr. Sage deleted from the record contending that, since the report had been offered by respondent, it was not admissible unless the latter produced Dr. Sage for the purpose of cross-examination. The motion was denied by

the commissioner who properly held that the report must remain part of the record. *Natalizia* v. *Atlantic Tubing & Rubber Co.*, 81 R. I. 515. The single commissioner, however, in reliance on the authority of that case, did advise counsel for respondent that unless he produced Dr. Sage for cross-examination the report would not be considered as evidence and he would not consider its contents in reaching his decision.

Specifically noting that Dr. Sage's report had not been introduced in evidence, the single commissioner commented upon the testimony and reports of the other doctors and the testimony of respondent, and decided that petitioner had proved by a fair preponderance of the evidence that respondent's incapacity had ceased and that he was able to resume his former work.

The respondent contended before the single commissioner, the full commission, and he also contends here that the single commissioner erred in that the *Natalizia* case is not applicable in the instant proceedings. Although in his reasons of appeal respondent assigns divers assertions of error, we deem it necessary to consider only those reasons which relate to the exclusion of Dr. Sage's report.

The petitioner contends at the outset that respondent's appeal is defective for the reason that it refers to the decree of the single commissioner entered March 1, 1961 and should have been taken from the final decree of the full commission entered May 1, 1961. Further, it contends that by the manner in which the reasons are set forth it is clear that the appeal is from the decree of the single commissioner in violation of the provisions of G. L. 1956, §28-35-29.

Although petitioner's criticism of respondent's reasons of appeal is justifiable as to form, we are of the opinion that solely by reason of departure from the prescribed form the appeal in the instant cause is not fatally defective. The document is clearly entitled "Reasons Of Appeal From Decree Of Full Commission" and the reasons set forth therein

contain an additional assertion of error not present in the reasons of appeal supporting respondent's appeal to the full commission. Moreover §28-35-29 expressly provides that reasons of appeal may be amended in the supreme court, thereby indicating a legislative intention to avoid invalidating appeals on technical as distinguished from jurisdictional grounds. We are therefore persuaded that the appeal is properly before us, but we do not approve of such departure from the recognized procedure in the prosecution of appeals to this court.

The petitioner argues vigorously that the single commissioner was correct in refusing to consider the contents of the impartial examination report submitted by Dr. Sage. It too relies on the authority of *Natalizia* v. *Atlantic Tubing & Rubber Co., supra.* In that case an award of compensation was made by the director of labor who based his decision, inter alia, on the impartial examination report of Dr. Ernest D. Thompson. An appeal was taken to the superior court as then provided by law.

At the hearing in the superior court the employee offered in evidence the report of Dr. Thompson without offering to produce the doctor for cross-examination. The argument was made before the trial justice that introduction of the report by the employee as part of his case without producing Dr. Thompson for cross-examination deprived the employer of a fair trial. No formal objection was made, however, and the trial justice in finding for the employee was persuaded in part by the contents of Dr. Thompson's report.

On appeal to this court the employer renewed the contention made below and we held at page 520, "Since respondent did not demand that petitioner produce Dr. Thompson for cross-examination, it now has no valid complaint on that score." The petitioner here contends that since demand was made on respondent to produce Dr. Sage, the single commissioner properly excluded the report in issue from consideration in reaching his decision. Moreover,

it contends the discussion by this court in passing on the issue in question clearly supports the commissioner's exclusion of the report.

Observing that on appeal to the superior court the cause was heard de novo "without regard to the evidence that was presented at the hearing in the office of the director of labor," this court continued at page 520:

" * * * But here petitioner formally offered Dr. Thompson's report in evidence and the trial justice admitted it. Although respondent complained that by reason of such admission it could be deprived of its right of cross-examination, it did not formally object to the ruling on such ground or make it a specific reason of appeal. In fact the record shows that the trial justice indicated to respondent that Dr. Thompson could be subpoenaed if respondent desired, but no subpoena was requested.

"This whole question would present an entirely different aspect if the record disclosed that respondent had been deprived of the right to cross-examine Dr. Thompson on the matters contained in his report or if the opportunity was afforded it only at its own expense. While G. L. 1938, chap. 300, art. II, §21, as amended by P. L. 1950, chap. 2604, makes the report of an impartial medical examiner acceptable as legal evidence, the act cannot be so applied as to deprive a party, who did not offer and rely upon the report as part of his case in the superior court, of the right of cross-examination. If a party offers such a report as a part of his case in that court, it may only be admitted on condition that he will produce the author of the report if his opponent makes known his desire to cross-examine."

The pertinent provisions of P. L. 1950, chap. 2604, relied on by the court are as follows:

"Such medical examiner, once being duly sworn to the faithful performance of his duties at the inception of his designation as an impartial medical examiner before the justice or said director or said chief, as the case may be, appointing him, shall thereupon and as often as requested by said official, examine injured employees

to determine the nature and probable duration of their injuries. Such medical examiner shall file a signed report of each and every examination made of such employees in the office of the clerk of the superior court having jurisdiction of the matter as provided in section 15 of article III of this chapter or with the department of labor when the appointment has been made by the said director, or with the division of workmen's compensation when the appointment has been made by said chief, and such report shall indicate the name and the title of the official by whom he was sworn in and appointed and shall then be acceptable as proper legal evidence in any hearing or proceedings in the superior court or the department of labor to determine the amount of compensation due such employee under the provisions of this chapter. If any employee refuses to submit himself for any examination provided for in this chapter, or in any way obstructs any such examination, his rights to compensation shall be suspended and his compensation during such period of suspension may be forfeited."

These provisions were amended in 1954, now G. L. 1956, §§28-33-37 and 28-33-38, as to form, and as to substance by adding thereto the following:

" * * * and the examiner may be summoned for the purpose of cross-examination."

The respondent contends that the effect of this amendment was to render the *Natalizia* case inapplicable in the instant proceedings. We do not, however, consider it necessary to pass upon such contention.

The respondent also contends that the question in the instant case is governed by G. L. 1956, §28-35-48, which reads as follows:

"Where the notice of intention to discontinue, suspend or reduce payments of compensation alleges that the employee is able to return to work, such notice shall be supported by an original signed report of a recent medical examination of the employee. Upon receipt of such notice, the commission shall thereupon appoint an impartial medical examiner to examine the injured

employee, and a copy of said impartial examiner's report shall be forwarded by the commission to both the employer and the employee, and said impartial medical examiner's report shall be evidence in any hearing to discontinue, suspend or reduce compensation payments."

We are of the opinion that there is merit in this contention. The legislature has seen fit to make a distinction between the status of an impartial medical report when requested at the discretion of the commission as provided in §28-33-37 and the mandatory requirement of §28-35-48. In the first instance any such report may be offered in evidence as part of petitioner's or respondent's case, as to each of the parties may seem advisable. In hearings to discontinue, suspend or reduce compensation, however, the report is in evidence to be considered by the single commissioner and the full commission in evaluating the reports and testimony offered by the respective parties as part of their cases.

The proceedings under the workmen's compensation act are necessarily adverse in nature and the parties are free to produce such evidence and testimony as they deem essential to the interest of their respective causes. The cost of producing such evidence or testimony properly falls on the producing party. Here, however, is a situation where the legislature has made as part of the evidence the results of an impartial medical examination which neither party has requested. We entertain no doubt of the legislature's right to make such a provision. Adverse though the interest of the parties may be to each other, the workmen's compensation act is social legislation and society has a stake in the proceedings.

Neither do we entertain any doubt that cross-examination is essential to due process. But in the view we take of the question in issue the legislature has not attempted a denial of due process. No provision is made denying either of the

parties the right to subpoena the impartial medical examiner if his testimony seems desirable either for clarification or qualification of the contents of his report. Cross-examination generally relates to the inquiring into answers previously given to questions propounded by adversary counsel.

In the case at bar it was not respondent who had raised the issue, nor would it have been the petitioner if respondent had objected. The legislature has considered an *impartial examination* and report in proceedings as are here in issue as a further safeguard in the protection of the rights of the parties and society. In such proceedings, both petitioner and respondent receive copies, are aware of the contents, and it is for each of them to determine whether such report should be considered without the questioning of the doctor who prepared it. If either party desires to cross-examine the doctor the commission shall summon him for such purpose in accordance with G. L. 1956, §§28-33-37 and 28-35-25.

Notwithstanding the conclusion we have reached, petitioner argues that the exclusion of the report by reason of its contents was not prejudicial. We have carefully examined the report to determine whether there is merit in this contention and cannot say as a matter of law that the commissioner would not have been influenced thereby.

The petitioner also contends that there is no evidence in the record that Dr. Sage was duly sworn to the performance of his duties as an impartial medical examiner. The record does indicate that he was requested by the commission to make such examination and we must assume, in the absence of evidence to the contrary, that the engagement of Dr. Sage complied with the provisions of §28-33-37.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the work-

men's compensation commission for entry of a new decree in accordance with this opinion and for further proceedings.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for petitioner.

*Stephen F. Mullen,* for respondent.