WARWICK BRASS FOUNDRY CO., INC. *et al. vs.* UNIVERSAL WINDING COMPANY *et al.*

MARCH 25, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is an amended petition brought under G. L. 1956, §28-34-8, for an apportionment between prior employers of the compensation paid by the petitioner Warwick Brass Foundry Co., Inc. to an employee disabled by an occupational disease as his last employer. The petition was heard by a trial commissioner who thereafter, on October 16, 1961, entered a decree denying and dismissing the petition as to the respondents Universal Winding Company and New England Butt Company but ordering Seaboard Foundry, Inc. to contribute to the payment of said compensation in the amount of $4.80 weekly and the L. Brayton Foundry Co. likewise to contribute in the amount of $ .32 weekly. This decree was appealed to the full commission by the petitioners and by the respondents Seaboard Foundry, Inc. and L. Brayton Foundry Co. After a hearing thereon by the full commission, a decree was entered on August 30, 1962, affirming the decree of the trial commissioner. The petitioners have prosecuted to this court their appeal from that decree.

In this court petitioners expressly waived their appeal as against respondents Universal Winding Company and New England Butt Company, apparently agreeing that the commission did not err in holding respondents not liable to make contribution. They continued to press their appeal, however, against respondents Seaboard Foundry, Inc. and L. Brayton Foundry Co., hereinafter referred to as respondents, contending that the commission erred in that it determined

the amount of the contribution for which each such respondent would be liable on the basis of an aggregate period of employment other than that contemplated in the statute. The respondents, while contending that the commission did not err in so computing such amount, also challenge the standing of petitioners to question in this court the validity of the orders for the apportionment set out in the decree of the full commission.

In support of this latter contention respondents, as we understand them, urge that petitioners have not perfected their appeal as it relates to them in that they have not set out therein any specification of error on the part of the commission in fixing the proportionate amount of contribution for which they are liable. They rely on §28-35-29 which provides for appeals from the commission to this court. That section, in pertinent part, reads: "* * * the appellant shall file reasons of appeal stating specifically all the questions of law or equity decided adversely to him which he desires to include in his reasons of appeal * * *. The supreme court may allow amendments of said reasons of appeal." Obviously respondents take the position that the requirement for a specification of error upon which an appellant intends to rely is mandatory.

The petitioners set out four reasons of appeal, the first three of which are the general reasons, so called, that the decree is against the law, the evidence, and the weight thereof. The fourth reason states "That the Full Commission erred in interpreting the appropriate provisions of the Workmen's Compensation Act respecting contribution and apportionment of respondents Universal Winding Company and New England Butt Company." In oral argument petitioners, after waiving their appeal as to said Universal Winding Company and New England Butt Company, vigorously urged that they should be permitted to press the fourth reason of appeal against the remaining respondents, an argument that we understand invokes the authority of this

court to permit the amendment of reasons of appeal as provided in §28-35-29 and thereunder to amend their fourth reason by substituting the respondents here for the respondents named therein.

The authority of this court to permit the amendment of reasons of appeal is limited to specifications of error set out as reasons of appeal within the time in which the appeal was required to be perfected, and the purpose thereof is to enable this court to prevent the failure of a perfected appeal by reason of technical defects or irregularities in procedure that may be disregarded without prejudice to the appellee. *Drake Bakeries, Inc.* v. *Butler,* 94 R. I. 84, 178 A.2d 295. The statute does not authorize this court to permit a reason of appeal to be supplied by amendment after the expiration of the time prescribed for perfecting the appeal. In short, it is our opinion that while the defective or ambiguous statement of a particular error set out in a perfected appeal may be corrected by amendment in this court, we may not use this amendatory power to bring before us for review specific errors that had not been set out in the reasons of appeal within the time in which the appeal was required to be perfected.

If we assume that a change in the designation of an appellee against whom a specification of error is directed would be an amendment of a reason of appeal within the amendatory power contemplated in the statute, it would, in our opinion, avail these petitioners nothing. This because we cannot view the fourth reason of appeal as merely a defective or ambiguous specification of error. Rather, in our opinion it does not constitute a specific statement of an adverse ruling which the petitioners desire to bring to this court for review within the meaning of the statute. We reiterate by way of emphasis that the amendatory power conferred upon this court by §28-35-29 posits the existence of a perfected ground of appeal.

This court has long held that the provision of the statute concerning the specification of error in the form of reasons of appeal requires substantial particularity as to the adverse ruling an appellant desires to challenge here and that the general reasons of appeal are not sufficient to bring before us specific errors of law that occurred during the hearing below. *Harding* v. *Imperial Printing & Finishing Co.*, 45 R. I. 416.

In *Campisani* v. *Sun Dial Optical Co.*, 80 R. I. 307, we considered whether the statutory requirement was satisfied by a reason of appeal stating that the "Trial Justice erred in admitting certain testimony during the course of the trial to which objection was made." The respondent under this reason of appeal sought to review the propriety of the admission of particular testimony over its objection during the hearing. We held that the ruling was not brought before us for review by the reason of appeal upon which the respondent relied, saying at page 310: "In our opinion the above provision of the statute has not been complied with by respondent in respect to the ruling sought to be reviewed. As indicated, the fifth reason of appeal is very general and does not state specifically the question decided adversely to respondent which it now desires to argue. For that reason we consider that respondent's first point is not properly before us and we do not pass upon it."

The extent to which the statute requires particularity in the specification of error is made clear in *Wanskuck Co.* v. *Puleo*, 78 R. I. 447, 451, where we said: "It is familiar law that in cases following the course of equity ordinary questions as to the decision as it appears in the decree may be presented under general reasons of appeal from such decree. However, it has been uniformly held that any grievance resulting from an erroneous ruling on some particular matter during the course of the trial, whether evidentiary or otherwise, should be made the subject of a separate and specific reason of appeal." We then referred particularly to the

provisions of the statute requiring specific statement of the ruling from which the appeal is taken and said at page 452: "In the instant case the respondent is attempting to raise questions concerning specific rulings to which objection was made at the hearing but which have not been included or set forth specifically in his reasons of appeal. Therefore under the terms of the act, and consistently with the general practice in cases following the course of equity, we are of the opinion that these two questions are not properly before us and should not be considered."

We are fully persuaded of the correctness of that view. It promotes the prompt and effective accomplishment of the purpose of the act, namely, the relief and rehabilitation of industrial casualties by reason of its tendency to discourage the prosecution of appeals based on speculation that ultimately error may be disclosed by a close scrutiny of the record. It is then our conclusion that the reason of appeal which states that the commission "erred in interpreting the appropriate provisions * * * respecting contribution and apportionment" falls short of compliance with the statutory requirement and, therefore, the question of whether the commission apportioned the contribution of the respondents on the basis of a formula not contemplated by the act is not before us. Because we take this view we need not determine whether a change in the designation of the respondents in the fourth reason of appeal would be within the amendatory power conferred upon this court in §28-35-29.

The petitioners' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Carroll & Dwyer, John G. Carroll,* for petitioner.

480

*Vincent J. Chisholm,* for respondents Seaboard Foundry, Inc., and L. Brayton Foundry Co.

*Worrell and Hodge, Lee A. Worrell,* for respondents Universal Winding Company and New England Butt Company.