216 A.2d 363.

JUNE IZZI *vs.* ROYAL ELECTRIC CORPORATION.

JANUARY 19, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

PAOLINO, J. This is an employee's petition to review a preliminary agreement under the workmen's compensation act. It is before this court on the employee's appeal from a decree of the full commission denying and dismissing her petition.

The facts in this case present a question of first impression in this state. The essential issue is whether a certain type of mattress described in the transcript as a "Sealy Posture Pedic, extra firm mattress" is an apparatus or appliance within the contemplation of the provisions of G. L. 1956, §28-33-5, as amended, the pertinent portions of which read as follows:

> "The employer shall, subject to the choice of the employee as provided in §28-33-8, promptly provide for an injured employee such reasonable medical, surgical, dental, optical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus for such period as is necessary, in order to cure, rehabilitate or relieve the employee from the effects of his injury * * *. The employer shall also provide all medical, optical, dental and surgical appliances and apparatus required to cure or relieve the employee from the effects of the injury, including but not being limited to the following: Ambulance and nursing service, eyeglasses, dentures, braces and supports, artificial limbs, crutches and other similar appliances."

The preliminary agreement between the parties is in evidence. It states that on April 20, 1964 the employee

sustained a compensable injury, the nature and location of which are described as "cerebral concussion and cervical and lumbosacral sprain." She was awarded compensation for total incapacity for the duration of her total incapacity or until otherwise terminated in accordance with the provisions of the act. The agreement also provides that "all reasonable bills for hospital and medical service and for necessary medicines shall be paid as provided in the" act.

On October 19, 1964 the employee filed with the commission the instant petition to review whereby she requests a determination of her rights to benefits under the agreement. She alleges that her incapacity for work is total and that the "employer refuses to provide or pay for necessary medical services, etc., as provided by General Laws, 1956, Sec. 28-33-5 and 28-33-8." In this appeal we are concerned only with the provisions of §28-33-5.

The employee testified that she was hospitalized as a result of her injury; that she was treated by Dr. John A. Geffroy, a specialist in neurology; that she had a discussion with her doctor the first time she visited him and in the hospital about the mattress she had at home prior to her hospitalization; that it was a "saggy" mattress and was not very good; and that when she came home from the hospital she purchased a "Sealy Posture Pedic, extra firm mattress" at a department store. The uncontradicted evidence is that the price paid for the mattress was fair and reasonable.

Doctor Geffroy testified for the employee. In describing the type of treatment he gave her in the hospital, he stated that "she had combination of bed rest, traction and gradually increased exercises to increase her tolerance." He testified that he had a discussion with her concerning her mattress at home; that her injuries involved multiple areas from the neck to the lower spine and there was no doubt but that she was doing far better on the firm mattress in the hospital; that even with a bed board at home she had

considerable increasing pain in her soft mattress which was curved; and that as a result of such discussion he prescribed a firm mattress. The doctor testified further that he was familiar with and recommended the "Sealy Posture Pedic, extra firm mattress"; and that this was the type customarily prescribed for patients with conditions similar to those of this employee.

In his decision denying and dismissing the petition the trial commissioner found "That the orthopedic mattress purchased by the petitioner is not an appliance or apparatus within the intent of the provisions of the compensation act," and entered a decree accordingly. On the employee's appeal therefrom, the full commission entered a final decree affirming the decree of the trial commissioner.

Although the employee has filed eight separate reasons of appeal the real thrust thereof is based on her argument that the commission erred in their finding that the mattress involved is not an "appliance" or an "apparatus" within the meaning of §28-33-5, as amended. In our opinion the point is well-taken and the employee is entitled to reimbursement for the cost of the mattress.

The decision and the decree of the trial commissioner, as well as the decision of the full commission, describe it as an "orthopedic mattress," but we note at the outset that the word "orthopedic" appears nowhere in the transcript. The factual situation here is not complicated at all. The employee sustained a compensable injury. Because of the nature of the injury, her physician, a qualified neurologist, recommended a certain type of mattress, specifically, a firm mattress. She purchased a "Sealy Posture Pedic, extra firm mattress" at a department store and Dr. Geffroy testified that this was the type he intended.

We are met squarely with a question of legislative intent. Our rule is that the workmen's compensation act is a remedial statute and should be construed liberally to effectuate its evident purposes. *Romano* v. *Napolitano,* 75 R. I.

512. One of those purposes is the relief and rehabilitation of industrial casualties. *Warwick Brass Foundry Co.* v. *Universal Winding Co.,* 97 R. I. 474, 199 A.2d 29; *Hingeco Mfg. Co.* v. *Haglund,* 65 R. I. 218. Basically, then a purpose of the act is not only to aid the industrial casualty during his period of incapacity for work, but also to rehabilitate him and get him back to work.

Recognizing, as we do, the purposes of the act, we must now decide what the legislature intended in enacting §28-33-5 whereby it mandated that the employer must provide certain medical services for an employee who sustains a compensable injury. One portion of this section states that the employer "shall * * * provide for an injured employee such reasonable medical, surgical, dental, optical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus for such period as is necessary, in order to cure, rehabilitate or relieve the employee from the effects of his injury * * *."

The last sentence of the statute provides that: "The employer shall also provide all medical, optical, dental and surgical appliances and apparatus required to cure or relieve the employee from the effects of the injury, including but not being limited to the following: Ambulance and nursing service, eyeglasses, dentures, braces and supports, artificial limbs, crutches and other similar appliances."

The cure, rehabilitation and relief from the effects of compensable industrial injuries stand out as the principal objects of §28-33-5. The language used indicates a legislative intent to include any reasonable service, apparatus or appliances to accomplish the principal objects of the statute, as therein set forth. The legislature did not list all the objects which might accomplish the cure and rehabilitation of an injured employee; nor did it attempt specifically to define or list all such objects which might fit the classification of "apparatus" or "medical, optical, dental and surgical appliances and apparatus required * * *." In our opinion, the

very fact that the legislature used general language, rather than specific, leads us to the conclusion that in the circumstances here the mattress prescribed by the employee's physician is an "apparatus" within the meaning of the first portion of this statute.

We have read the cases cited by the employer, but we are not convinced by them, nor by the employer's other contentions.

The appeal of the petitioner is sustained and the order appealed from is reversed. The petitioner's motion for counsel fees and costs for services before this court is granted, the amount thereof to be fixed by this court after a hearing on the question of the fairness and reasonableness of such fees and costs. After such hearing the cause is remanded to the workmen's compensation commission for further proceedings.

*Gunning & LaFazia, Bruce M. Selya,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.