341 A.2d 40.

ANNE LEMOINE *vs.* THE COBY GLASS PRODUCTS CO.

JUNE 30, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This petition was brought in 1973 by an employee seeking $425 reimbursement from her employer under G. L. 1956, §28-33-5[1] for the cost of a wig she used

---

[1]The pertinent portions of G. L. 1956, §28-33-5 read:

"The employer shall, subject to the choice of the employee as provided in §28-33-8, promptly provide for an injured employee such reasonable medical, surgical, dental, optical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus for such period as is necessary, in order to cure, rehabilitate or relieve the employee from the effects of his injury * * *. The employer shall also provide all medical, optical, dental and surgical appliances and apparatus required to cure or relieve the employee from the effects of the injury, including but not being limited to the following: Ambulance and nursing service, eyeglasses, dentures, braces and supports, artificial limbs, crutches and other similar appliances."

for about a year to cover a bald spot on her scalp resulting from a 1968 industrial accident. A trial commissioner denied reimbursement on the twofold ground that she had not established the necessity of the wig to cure, rehabilitate, or relieve her from the effects of her injury and that a wig is not a medical, optical, dental, or surgical appliance or apparatus within the purview of §28-33-5. On appeal, the full commission rejected the first of those determinations, but agreed with the second and accordingly affirmed the trial commissioner's decision. Because it thought, however, that the employee had been partially successful in her appeal, it awarded her $275 in counsel fees under G. L. 1956 (1968 Reenactment) §28-35-32 for services rendered in the proceedings. The case is now here on the employee's appeal from the denial of reimbursement and on the employer's from the award of counsel fees.

The full commission found as a fact that without her wig the employee had a large bald spot that embarrassed her and prevented her "* * * from desiring to be seen in public places and to expose herself to the ridicule and comments of fellow employees." Based upon that finding it concluded that the wig was necessary to cure, rehabilitate, or relieve her from the effects of the injury, which purposes are expressly embraced by §28-33-5 and were held in *Izzi* v. *Royal Elec. Corp.*, 100 R. I. 380, 384, 216 A.2d 363, 365 (1966), to be that section's principal objective.

But an employee's entitlement under §28-33-5 to reimbursement for the costs of relief from the effects of a compensable injury requires not only that the means of relief be necessary, but also that they be "medical in nature." *Tirocchi* v. *United States Rubber Co.*, 101 R. I. 429, 442, 224 A.2d 387, 395 (1966). In *Tiorcchi* a claimant whose hands had been seriously injured in an industrial accident hired a combination housekeeper and personal

maid to do many of the chores that she had previously done herself but following her injury was no longer able to do. While we recognized that her plight was appealing and that the assistance of the housekeeper-maid clearly relieved her from the effects of her injury, we nonetheless refused reimbursement because in our view the only expenses for which her employer was chargeable under §28-33-5 were those "* * * incurred in carrying out a course of medical treatment directly or implicitly related to the employee's health and prescribed by the employee's physician." *Id.* at 443, 224 A.2d at 395.

In this case the use of a wig undoubtedly relieved the employee from the effects of a compensable injury just as did the assistance of the housekeeper-maid in *Tirocchi.* But neither here nor there were the means used to achieve that relief medical in nature. In this case we cannot deny that the employee's embarrassment and reluctance to appear in public might have deteriorated into an emotional condition requiring medical attention, and that such a result might have been avoided only because on her own initiative she purchased and used a wig. Indeed, had she consulted a physician following the injury he might well have prescribed a wig, and perhaps it could then be successfully argued that the relief she received was medical in nature. The employee, however, points to nothing in this record that either supports that conclusion directly or otherwise suggests that her use of a wig qualified under the *Tirocchi* standard as medically referable to her health. For these reasons the commission did not err in denying the reimbursement requested.[2]

There remains only the question of the employer's lia-

<hr/>

[2] *Izzi* v. *Royal Elec. Corp.*, 100 R. I. 380, 216 A.2d 363 (1966), relied upon by the employee, is distinguishable, for there an employee was reimbursed under §28-33-5 for an orthopedic mattress *prescribed by a physician* to relieve a back condition.

bility for fees for the employee's attorney. That question is controlled by §28-35-32,[3] which clearly provides that attorney's fees may be awarded only if an employee has achieved either complete success in prosecuting certain specified claims or partial success in defending against an employer's petition for review. Because the employee instituted the instant proceedings and failed to achieve complete success at any stage thereof, nothing in the statute entitles her to an award of fees for her attorney.

The employee's appeal is denied and dismissed, the employer's appeal is sustained, and the decree appealed from is affirmed in part and reversed in part.

*Lovett & Linder, Ltd., Raul L. Lovett,* for petitioner-appellant.

*Higgins, Cavanagh & Cooney, Harold E. Adams, Jr.,* for respondent-appellee.

---

[3]General Laws 1956 (1968 Reenactment) §28-35-32 provides in pertinent portion as follows:

"In proceedings under said chapter, costs shall be awarded, including counsel fees and fees for medical and other expert witnesses, to employees who successfully prosecute petitions for compensation, petitions for medical expenses, petitions to amend preliminary agreements and all other employee petitions, except petitions for lump sum commutation, and to employees who successfully defend, in whole or in part, petitions for review filed by employers."