373 A.2d 820.

URBAIN SAVARIA *vs.* SALVATORE DISANO, *Director of Labor.*

JUNE 3, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

358

JOSLIN, J. This is a workmen's compensation case. The employee sustained a work-related injury in 1963 and is presently receiving weekly compensation benefits for total incapacity from the second injury indemnity fund.[1] Relying on G.L. 1956 (1968 Reenactment) §28-33-5,[2] he now

---

[1] For a description of the nature and character of the second injury indemnity fund see G.L. 1956 (1968 Reenactment) §28-37-1 et seq. seq.

[2] The pertinent portion of G.L. 1956 (1968 Reenactment) §28-35-5 is as follows:

"The employer shall, subject to the choice of the employee as provided in §28-33-8, promptly provide for an injured employee such reasonable medical, surgical, dental, optical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus for such period as is necessary, in order to cure, rehabilitate or relieve the employee from the effects of his injury * * *. The

seeks to be provided with an electric wheelchair and an automatic lift or elevator. A trial commissioner granted the first request, but denied the second. The employee appealed, the full commission affirmed, and the employee has now appealed to this court.

The relevant facts are few and undisputed. As a direct result of his 1963 injury the employee is presently unable to use his legs and barely able to move his arms. When he moved from a first to a second floor apartment in 1972, his attending physician felt that because of his condition he required "some change of environment if he can get it" and that an elevator or lift would provide a safer means of egress and ingress than would otherwise be available. When asked, the physician agreed that the benefit sought would relieve the employee from the effects of his injury, but he qualified that opinion by stating that the employee's health would not thereby be improved nor his mobility increased. On this evidence, the commission concluded that a lift or elevator would only be a convenience or accommodation to the employee, and that it would not in the compensation sense relieve him from the effects of his injury. Accordingly, it denied relief.

In essence, the commission equated the relief sought in this case with that requested by the employee in *Lemoine* v. *Coby Glass Prod. Co.*, 115 R.I. 86, 341 A.2d 40 (1975), who sought reimbursement for a wig purchased to cover a bald spot that resulted from a compensable injury, and by the worker in *Tirocchi* v. *United States Rubber Co.*, 101 R.I. 429, 224 A.2d 387 (1966), whose hands had been so seriously injured in an industrial ac-

---

employer shall also provide all medical, optical, dental and surgical appliances and apparatus required to cure or relieve the employee from the effects of the injury, including but not being limited to the following: Ambulance and nursing service, eyeglasses, dentures, braces and supports, artificial limbs, crutches and other similar appliances."

cident that she required the services of a housekeeper to perform the chores she had previously done herself but was no longer able to do.

In the *Tirocchi* and *Lemoine* cases, the particular benefits sought would undoubtedly have relieved the injured employees from the effects of their injuries. Notwithstanding, and despite our sympathy for the employees' unfortunate predicaments, we denied relief in each case because the only expenses for which the employer was chargeable under §28-33-5, were those "incurred in carrying out a course of medical treatment directly or implicitly related to the employee's health and prescribed by [his] physician." *Lemoine* v. *Coby Glass Prod. Co., supra* at 88, 341 A.2d at 42, quoting *Tirocchi* v. *United States Rubber Co., supra* at 443, 224 A.2d at 395. In short, it is not enough that the means used to relieve the employee from the effects of his injury have been prescribed by his physician; to be chargeable to the employer under the statute, they must be medical in nature as well. *Lemoine* v. *Coby Glass Prod. Co., supra* at 87, 341 A.2d at 42; *Tirocchi* v. *United States Rubber Co., supra* at 442, 224 A.2d at 395.

In this case, just as in *Tirocchi* and *Lemoine,* the benefit sought is indubitably convenient and perhaps even necessary to relieve the employee from the effects of his injury, but there is nothing in this record that compelled the commission to conclude that in the circumstances described an elevator or lift was medical in nature. Without that finding, relief under §28-33-5 is unavailable.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission.

*Lovett & Linder, Ltd., Raul L. Lovett,* for plaintiff-appellant.

*Julius C. Michaelson,* Attorney General, *Richard B. Woolley,* Special Asst. Attorney General, for defendant-appellee.