[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is a motion for summary judgment filed by the plaintiff in this action. The plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), has brought this declaratory CT Page 6996 judgment action against the defendants Michael and Judy Mazur in order to determine whether it owes a duty to defend and indemnify them in the action, Christmas v. Mazur, Superior Court, judicial district of Hartford at Hartford, Docket No. 577831 ("the Christmas action").[1] Nationwide is potentially obligated to the defendants by virtue of a Golden Blanket Homeowners insurance policy ("the policy"), which Nationwide issued to Judy Mazur on or about' March 10, 1995, and which was effective from April 3, 1995 through April 3, 1996.
I. PERTINENT FACTUAL BACKGROUND
Nationwide's complaint in this action alleges the following facts. Andrew and Donald Christmas brought an action, Christmasv. Mazur, supra, against the defendants Judy and Michael Mazur.[2] In that action, the Christmas' amended complaint alleges that on January 27, 1996, Michael Mazur, in concert with several other individuals, "lured" Andrew Christmas ("Christmas") to a remote area and "assaulted and struck" Christmas "with such force and violence so as to render [him] immediately unconscious." (Pl.'s Cmplt ¶ 3, First Count.) The Christmas complaint further contends that Michael Mazur "then proceeded to punch and kick [Christmas] in the head while he lay helpless and unconscious on the ground." (Pl.'s Cmplt ¶ 3, First Count.) As a result, Christmas claims to have suffered severe injuries.
In the first and second counts of the present complaint, Nationwide claims that Michael Mazur's conduct, as portrayed in the Christmas complaint, does not constitute an "occurrence" for I purposes of coverage under the policy. Nationwide also argues that the aforementioned conduct is specifically excluded from coverage under the policy. Nationwide seeks, therefore, a determination that it is not obligated to defend or indemnify Michael Mazur in the Christmas action.[3] Similarly, Nationwide seeks a determination that because of Michael Mazur's purportedly assaultive conduct, it is not obligated to defend or indemnify Judy Mazur in the Christmas action.[4]
Presently before the court is Nationwide's motion for summary judgment with respect to both the first and second counts of its complaint. The parties have filed numerous briefs in support of their arguments, as well as other documentary evidence and affidavits.
II ISSUES IN DISPUTE
CT Page 6997
The issues in dispute for this court to resolve are: whether Nationwide has a duty to indemnify the Mazurs; whether Nationwide has a duty to defend Michael Mazur who is accused of having violently assaulted a third party; whether Nationwide has a duty to defend Judy Mazur who is sued pursuant to the parental liability statutes § 52-572; and whether Michael Mazur's allegedly intentional act bars a third party from seeking recovery from Judy Mazur under the Nationwide policy. For the following reasons this court denies the plaintiffs motion with regards to the duty to indemnify and holds that Nationwide does not have a duty to defend Michael Mazur, but it does have a duty to defend Judy Mazur.
II LEGAL DISCUSSION
A. SUMMARY JUDGEMENT
"Practice Book § E17-49] provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Millerv. United technologies Corp. , 233 Conn. 732, 755-52, 660 A.2d 810
(1995) "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). The genuine issue aspect of summary judgment procedure requires that, prior to trial, the parties provide the court with evidentiary facts, or substantial evidence outside of the pleadings from which the material facts alleged in the pleadings can be inferred. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578-79, 573 A.2d 699 (1990);United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,378-79, 260 A.2d 596 (1969). "In deciding motions for summary judgment, the trial court is obliged to construe the evidence in the light most favorable to the nonmoving party. . . . The test to be applied would be whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 382-83, 635 A.2d 1232, cert. denied,228 Conn. 928, 640 A.2d 115 (1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . ." Ciarelli v.Romeo, 46 Conn. App. 277, 282, 699 A.2d 217, cert. denied, CT Page 6998243 Conn. 929, 701 A.2d 651 (1997); see also Mullen v. Horton,46 Conn. App. 759, 763, 700 A.2d 1377 (1997) (directed verdict rendered only where, on the evidence viewed in light most favorable to nonmovant, trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed)
B. THE DUTY TO INDEMNIFY
Nationwide's first argument is that it has no duty to indemnify the defendants for any judgments rendered against them in the Christmas action. For the following reasons, the court finds that it would be inappropriate to grant Nationwide's motion for summary judgment with regard to this issue.
It is well recognized that a declaratory judgment action "is not designed to supplant established procedures except for good reason." Hartford Accident Indemnity Co. v. Williamson,153 Conn. 345, 350, 216 A.2d 365 (1966). Thus, "a declaratory judgment will not be rendered . . . where the court [is] of the opinion that the parties should be left to seek redress by some other form of procedure." Id., 347. This court is of the opinion that General Statutes § 38a-321[5] provides just such a procedure.
"General Statutes § [38a-321] sets forth a method of recovery by which an injured party may recover damages from a tortfeasor whose insurer wrongfully dishonors coverage of the claim." U.S. Fidelity Guaranty Co. v. Metropolitan Property Liability Ins. Co., 10 Conn. App. 125, 129, 521 A.2d 1048, cert. denied, 203 Conn. 806, 525 A.2d 521 (1987). Under General Statutes § 38a-321, "[i]f the [insurer of the defendant/insured refuses] to pay the judgment, the [plaintiff], now a judgment creditor, [is] subrogated to all the rights of the [defendant/insured], and [has] a right of action against the [insurer] to the same extent that the [defendant/insured] could have enforced payment by the insurer of the judgment against him." Id. In this fashion, General Statutes § 38a-321
"furnishes a plain and simple method for the determination of the liability of the [insurer] to respond to a judgment obtained [in a pending action]." Hartford Accident Indemnity Co. v.Williamson, 153 Conn. 345, 349, 216 A.2d 365 (1966); Nagy v.Lipaco, Superior Court, judicial district of Waterbury, Docket No. 115725 (January 17, 1995, Sullivan, J.); State Farm Fire Casualty Co. v. Bullock, Superior Court, judicial district of New CT Page 6999 Haven at New Haven, Docket No. 387111 (May 30, 1997, Blue, J.); cf. Hammond v. Council, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 101830 (October 25, 1993, Lewis, J.) (court addressed duty to indemnify while underlying action pending because facts alleged in complaint demonstrated "good reason" for court to decide issue)
There is no dispute between the parties that the Christmas action is still pending in Superior Court in Hartford. See Affidavit of Gary Funaro ¶ 6. Consequently, without a final judgment against the Mazurs in the Christmas action, it remains to be seen whether Nationwide's potential indemnification obligations under the policy will ever be implicated. Moreover, unlike the situation in Hammond v. Council, supra, there is no evidence before the court that General Statutes § 38a-321
would offer either an inadequate or inappropriate resolution to the parties' dispute. See Aaron v. Conservation Commission,178 Conn. 173, 179, 422 A.2d 290 (1979) (before court denies declaratory relief on ground that other remedies exist, it must appear that asserted remedy is not only available, but adequate and as appropriate as well).
A "trial court is afforded wide discretion to render a declaratory judgment." Leoni v. Water Pollution ControlAuthority, 21 Conn. App. 77, 83, 571 A.2d 153 (1990). Accordingly, in keeping with this well-recognized rule and for the reasons stated above Nationwide's motion for summary judgment with respect to its potential duty to indemnify the Mazurs is denied.
C. THE DUTY TO DEFEND DEFENDANT MICHAEL MAZUR
Nationwide next argues that it owes no duty to defend Michael Mazur in the Christmas action because the Christmas amended complaint does not state facts that fall within the scope of coverage afforded under the policy. Specifically, Nationwide contends that under the terms of the insurance policy, it is only obligated to defend insureds due to an occurrence. Therefore, they claim that because the factual allegations of the Christmas amended complaint clearly allege intentional conduct, no occurrence or "accident" has taken place, and Nationwide owes no duty to defend Michael Mazur as a matter of law.
Alternatively, Nationwide argues that even if the facts as pled in the underlying complaint do constitute an "occurrence" as CT Page 7000 that term is defined in the policy, coverage of Michael Mazur is excluded under the policy's intentional act exclusion.
Count One of the Christmas amended complaint is entitled "Assault as to Defendant Michael Mazur"; (Pl.'s Mem. Supp., Exhibit C); and it asserts the following facts. On the night of January 27, 1996, Michael Mazur made certain "representations" to Andrew Christmas that he knew to be "untrue," and which were made in an effort to "lure" Christmas to a remote area." (Pl.'s Mem. Supp., Exhibit C, Count One ¶¶ 8-9.) Michael Mazur made these representations to Christmas because he was "planning to confront and perhaps physically assault and do bodily harm to. Christmas." (Pl.'s Mem. Supp., Exhibit C, Count One ¶ 11.) After I Michael Mazur picked Christmas up in an automobile, they drove to an area by the Scantic river that was far from any residential or commercial buildings. (Pl.'s Mem. Supp., Exhibit C, Count One ¶¶ 12-14.) Upon reaching their destination along the river, they exited the automobile at which time Michael Mazur said to Christmas "that he had something on his collar." (Pl.'s Mem. Supp., Exhibit C, Count One ¶ 15.) "As [Christmas] looked at his collar, . . . Mazur assaulted and struck [Christmas] in the face with his fist and hand with such force and violence so as to render the [Christmas] immediately unconscious and he fell to the ground." (Pl.'s Mem. Supp., Exhibit C, Count One ¶ 17.) "Mazur then proceeded to repeatedly punch and kick [Christmas] in the head while he lay helpless and unconscious on the ground." (Pl.'s Mem. Supp., Exhibit C, Count One ¶ 18.) "[Mazur] continued to kick and punch [Christmas] in the head with extreme violence and force." (Pl.'s Mem. Supp., Exhibit C, Count One ¶ 19.) "[Mazur] then stopped kicking and punching [Christmas], and suggested to the other minor defendants that perhaps they should throw [Christmas] into the Scantic River. The other minor defendants told [Mazur] that would not be a good idea." (Pl.'s Mem. Supp., Exhibit C, Count One ¶ 20.)
Count Two of the amended Christmas complaint is entitled "Negligence as to Defendant Michael Mazur," and the first paragraph of this count simply incorporates by reference all of the foregoing factual allegations of the First Count and adds the conclusory statement that "[t]he defendant, Michael Mazur, negligently and carelessly caused [Christmas] to be struck in the head and face causing [Christmas] severe personal injuries and losses hereinafter set forth." (Pl.'s Mem. Supp., Exhibit C, Count Two, ¶¶ 1, 22.) of particular significance here, there are no other factual claims asserted in the second count of the CT Page 7001 amended complaint to describe Michael Mazur's purportedly "negligent" conduct.
Michael Mazur opposes Nationwide's motion by disputing that the second count of the Christmas' amended complaint alleges actions which fall outside the scope of his insurance coverage. Mazur concedes that the first count of the Christmas amended complaint states a cause of action for intentional tort against him. However, it is Mazur's position that because the duty to defend is measured by the claims in the underlying complaint, and because the allegations within the second count of the amended complaint plead negligence, the motion for summary judgment must be denied.[6]
It is well recognized that "the duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured; Missionariesof the Co. of Mary, Inc. v. Aetna Casualty Surety Co.,155 Conn. 104, 110, 230 A.2d 21 (1967); [therefore if] an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." (Emphasis in original; internal quotation marks omitted.) Imperial Casualtyand Indemnity Co. v. State, 246 Conn. 313, 323, 714 A.2d 1230
(1998); Flint v. Universal Machine Co., 238 Conn. 637, 646,679 A.2d 929 (1996)
Whether an insurer is obligated to defend an insured is determined by the facts in the underlying complaint, and not the titles assigned to the particular causes of action. State FarmFire Casualty Co. v. Bullock, supra, Superior Court, Docket No. 387111. For "[i]f the title of the cause of action were controlling, the duty to defend would be manifest." Id.; Flint v.Universal Machine Co., supra, 238 Conn. 646 (the obligation of the insurer to defend depends on whether the plaintiff "has, in his complaint alleges facts which bring the injury within coverage"). Therefore, here, if the Christmas amended complaint states facts, as opposed to causes of action, that bring Michael Mazur within the coverage afforded to him under the policy, then Nationwide has an obligation to defend him in the Christmas action. Conversely, if the Christmas amended complaint pleads facts that fall outside of the parameters of coverage under the policy, then Nationwide has no duty to defend Michael Mazur.
1. Intentional Conduct Cannot Constitute an "Occurrence"
CT Page 7002
Under Section II entitled "Liability Coverages, "the policy provides: "Coverage E — Personal Liability. We will pay damages the insured is legally obligated to pay due to an occurrence. (Pl.'s Mem. Supp., Exhibit A.) An "occurrence" for purposes of insurance coverage has been defined as an unexpected or sudden event. See Commercial Contractors Corp. v. American Ins. Co., supra, 152 Conn. 42. The policy defines an [o]ccurrence as "bodily injury or property damage resulting from an accident, including continuous repeated exposure to the same general condition." (Pl.'s Mem. Supp., Exhibit A, Policy, Amendatory Endorsement.) The policy does not, however, define the term "accident."
The Connecticut Supreme Court has stated that the "term `accident' is to be construed in its ordinary meaning of an `unexpected happening.'" Commercial Contractors Corr. v. AmericanIns. Co., 152 Conn. 31, 42, 202 A.2d 498 (1964). An "accident" is "a sudden event or change occurring without intent or volition through carelessness, an unfortunate result." (Internal quotation marks omitted.) Aceto v. Hanover Insurance Comn., Superior Court, judicial district of New Haven at New Haven, Docket No. 371556 (January 9, 1996, Hadden, J.)
It is well established that "intentional conduct and negligent conduct, although differing only by a matter of degree . . . are separate and mutually exclusive." AmericanNational Fire Insurance Co. v. Schuss, 221 Conn. 768, 775,607 A.2d 418 (1992). Thus, the same conduct "cannot reasonably be determined to have been both intentionally and negligently tortious." Id. 777. In the second count of the underlying amended complaint, Christmas merely re-alleges the factual claims for assault pled in the first count. He then recasts his claim as one for negligence.
There is no question that the facts, as pled, in the first count of the Christmas complaint place Mazur beyond the coverage afforded under the policy. This court finds that Michael Mazur's actions as described in the amended Christmas complaint do not as a matter of law — constitute an "occurrence," as that term is defined under the policy. See State Farm Fire Casualty Co. v.Bullock, supra, Superior Court, Docket No. 387111. Contrary to Michael Mazur's argument, the mere fact that the second count of the underlying amended complaint is titled "negligence," does not automatically trigger insurance coverage under the policy. It is the pleaded facts of the second count that must be analyzed in CT Page 7003 order to determine whether Michael Mazur is entitled to coverage. See State Farm Fire Casualty Co. v. Bullock, supra, Superior Court, Docket No. 387111; Flint v. Universal Machine Co., supra,238 Conn. 646.
Although this court agrees with the general proposition that there may be viable negligence causes of actions in cases involving intentional assaults, such is not the case in the instant matter. Here, the facts simply do not support a cause of action for negligence. Therefore, Nationwide's motion for summary judgment regarding its duty to defend Michael Mazur is granted.[7]
D. THE DUTY TO DEFEND DEFENDANT JUDY MAZUR
 1. Defendant Michael Mazur's Intentional Acts are No Bar to Coverage for Defendant Judy Mazur
In the second count of the present complaint, Nationwide also contests that it has a duty to defend Judy Mazur in the Christmas action because Christmas' injuries were not caused by an occurrence under the policy. Specifically, Nationwide urges this court to accept its position that since it is claimed that Michael Mazur intentionally caused Christmas' injuries, and since the policy covers injuries that are caused accidentally only, no occurrence under the policy has taken place.
In opposition to Nationwide's argument, first, Judy Mazur points out that there is no assertion in the Christmas amended complaint that she, herself, acted intentionally. The underlying complaint claims only that she violated General Statutes §52-572, a negligence based cause of action. Next, Judy Mazur argues that from her perspective, an occurrence, as that term is defined in the policy, did take place. Specifically, Judy Mazur insists that Michael Mazur's actions, when viewed from her standpoint, were certainly an unexpected event or happening.
As indicated above, "an insurer's duty to defend . . . is determined by reference to the allegations contained in the [in jured party's] complaint." (Internal quotation marks omitted.)Imperial Casualty and Indemnity Co. v. State, supra,246 Conn. 323. The third count of the Christmas amended complaint states that Judy Mazur, in violation of General Statutes §52-572,[8] carelessly and negligently caused the injuries to Christmas by failing to properly control and prevent her CT Page 7004 unemancipated minor from willfully causing Christmas injury. (Pl.'s Mem. Supp., Exhibit C, Count Three ¶¶ 1, 27-29.) Nationwide does not dispute that the third count of the amended complaint states a cause of action for negligence pursuant to Connecticut General Statutes § 52-572. Indeed, the third count of the amended complaint plainly sounds only in negligence on the part of Judy Mazur.
Regarding the particular issue of what constitutes an accident for purposes of determining coverage for the defendant Judy Mazur, this court (Hadden, J.) addressed a similar issue in the action Aceto v. Hanover Insurance Company, supra. There, the minor son of two insureds, who were insured under a homeowner's policy, sexually assaulted a third-party. The third-party then secured judgments against the insureds pursuant to General Statutes § 52-572, the parental liability statute. Thereafter, the insurer refused to indemnify the insureds with respect to the § 52-572 judgments, arguing that the acts of the minor defendant did not constitute an occurrence as to the insureds under the insurance policy. In Aceto, this court (Hadden, J.), however, rejected the insurer's argument.
Relying on the reasoning of Property Cas. of MCA v. Conway,147 N.J. 322, 687 A.2d 729 (1997), Judge Hadden ruled that whether an event constitutes an occurrence for purposes of coverage under an insurance policy must be determined from the perspective of the insured. Aceto v. Hanover Insurance Comp. , supra. Because the intentional actions of the minor defendant in sexually assaulting the innocent third party were certainly unexpected from the standpoint of the parent/insureds, those actions constituted an occurrence under the terms of the policy.Id. Thus, the insurer was required to provide coverage to the parent/insureds for the judgments rendered against them pursuant to General Statutes § 52 572. Id.
In the instant matter, this court, too, finds the reasoning of Property Cas. of MCA v Conawy, persuasive. "It is a basic principle of insurance law that policy language will be construed as laymen would understand it and not according to the interpretation of sophisticated underwriters, and that ambiguities in contract documents are resolved against the party responsible for its drafting; the policyholder's expectations should be protected as long as they are objectively reasonable from the layman's point of view." O'Brien v. United StatesCT Page 7005Fidelity Guaranty Co., 235 Conn. 837, 843, 669 A.2d 1221
(1996).
Notwithstanding the court's determination that Michael Mazur's actions cannot constitute an occurrence for purposes of deciding whether the plaintiff has a duty to defend him, the court must still determine whether Michael Mazur's alleged attack on Christmas constituted an occurrence with respect to Judy Mazur for purposes of coverage under the policy. Here, in keeping with the rules of contract interpretation, this court finds that the alleged acts of Michael Mazur, because they were sudden and unexpected from the viewpoint of Judy Mazur, constituted an occurrence under the policy with respect to her. See also Arensonv. National Auto and Cas. Ins. Co., 45 Cal.2d 81, 286 P.2d 816
(1955) (minor's intentional act of setting fire to school not imputed to father, and father covered under policy); Walker v.Lumbermans Mut. Cas. Co., 491 S.W.2d 696 (Tex.Civ.App. 1973) (father covered under policy for vicarious statutory liability from intentional act of son); Unigard Mut. Ins. Co. v. ArgonautIns. Co,, 20 Wash. App. 261, 570 P.2d 1015 (1978) (parents vicarious liability covered under policy).[9]
2. Exclusionary Clause Not Applicable to This Case
Finally, Nationwide argues in support of its motion for summary judgment that it owes no duty to defend Judy Mazur in the Christmas action because the intentional act exclusion contained within the policy bars coverage. Specifically, Nationwide claims that Judy Mazur is excluded from coverage under the policy because the damages to Christmas were intentionally caused, and because under the express and unambiguous terms of the policy, coverage for intentionally caused damages are excluded no matter which insured under the policy actually caused them.
Judy Mazur opposes this argument stating that because the policy includes a severability clause, even if coverage is excluded for Michael Mazur under that provision, she, as a separate insured under the policy, is still entitled to coverage.
Under Section II of the policy entitled "Exclusions," the policy excludes coverage for insureds who intentionally cause bodily injuries to others. The policy provides, in pertinent part: "Coverage E-Personal Liability . . . [does] not apply to bodily injury . . . a. caused intentionally by or at the direction of an insured, including willful acts the result of CT Page 7006 which the insured knows or ought to know will follow from the insured's conduct." (Pl.'s Mem. Supp., Exhibit A, Policy and Amendatory Endorsement.)
Section II also provides: "2. Severability of Insurance. This insurance applies separately to each insured." (Pl.'s Mem. Supp., exhibit A, Policy.) Thus, assuming for the purposes of the present argument, that Michael Mazur did intentionally cause bodily injury to Christmas thereby excluding him from coverage under the policy, the issue before the court then becomes whether Judy Mazur is also excluded from coverage as a result of his intentional act.
"Severability of interests provisions were adopted by the insurance industry to define the extent of coverage afforded by a policy issued to more than one insured." Sacharko v. CenterEquities Limited Partnership, 2 Conn. App. 439, 443,479 A.2d 1219 (1984). "[W]here a policy contains a severability of interests clause, it is a recognition by the insurer that it hasa separate "I and distinct obligation to each insured under thepolicy. . . ." (Emphasis added.) Id., 444.
In Sacharko v. Center Equities Limited Partnership, the Connecticut Appellate Court stated that the term "`[t]he insured' does not refer to all insureds; rather, the term is used to refer to each insured as a separate and distinct individual apart from any and every other person who may be entitled to coverage. . . . When a claim is made against one who is an "insured' under the policy, the latter is "the insured," for the purpose of determining the [insurer's] obligations with respect to such claim." (Internal quotation marks omitted.) Id. "Thus, the test of whether the [policy's] exclusion clause precludes coverage must be applied to each insured separately and not to all collectively." Id.
Here, Nationwide's inclusion of the severability provision in its policy is a recognition on its part that it owes a distinct and separate coverage obligation to Judy Mazur, aside and apart from any obligations it owes to Michael Mazur. Thus, under the express terms of the policy, whether or not Michael Mazur intentionally caused Christmas' bodily injuries has no effect on Nationwide's coverage obligations to Judy Mazur.
Nevertheless, Nationwide insists that the terms "an insured" are synonymous with "any insured," in the intentional act CT Page 7007 exclusion.
This argument is completely without merit. The intentional act exclusion provision in the policy states that coverage does "not apply to bodily injury. . . . a. caused intentionally by or at the direction of an insured." (Emphasis added.) (Pl.'s Mem. Supp., Exhibit A, Policy and Amendatory Endorsement.) The severability provision in the policy states: "This insurance applies separately to each insured." (Emphasis added.) (Pl.'s Mem. Supp., Exhibit A, Policy.) More importantly, the determiner "any" is not included in either the exclusion nor the severability provision.
The policy language here is not ambiguous. Under the express terms of this policy as drafted, this court does not find the terms "an insured" to be synonymous with the phrase "any insured." The policy's specific use of the words, "each" and "an," as opposed to the determiner "any," demonstrates an intent to provide coverage to the insureds separately.
Therefore this court holds that Nationwide has a duty to defend Judy Mazur and denies the motion for summary judgment on the second count of the present complaint is denied.
IV CONCLUSION
For the foregoing reasons, Nationwide's motion for summary judgment with respect to its duty to indemnify the Mazurs in the Christmas action is denied. Nationwide's motion for summary judgment with respect to its duty to defend Michael Mazur in the Christmas action is granted. Nationwide's motion for summary judgment with respect to its duty to defend Judy Mazur in the Christmas action is denied.
Angela Carol Robinson Judge, Superior Court