SCHROFF, INC.

v.

Mary Ann TAYLOR–PETERSON.

No. 98–401–M.P.

Supreme Court of Rhode Island.

July 7, 1999.

Carol Fagan Finn, John J. Hogan, Providence, for Plaintiff.

John Harnett, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

PER CURIAM.

## OPINION

This case came before the Supreme Court on a petition for certiorari by the employee, Mary Ann Taylor–Peterson (Taylor–Peterson or employee), seeking review of a final decree from the Appellate Division of the Workers' Compensation Court (Appellate Division). That decree affirmed the trial judge's decision to award the employee counsel fees and to exclude paralegal fees from the fee award. In her memorandum filed in support of certiorari, Taylor–Peterson argues that the Appellate Division erred in denying compensation for paralegal services in the fee award. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, we conclude that cause has not been shown and the issues raised by the parties shall be decided at this time. For the reasons that follow, we grant the petition for certiorari and quash the decree of the Appellate Division. The facts insofar as pertinent to this petition follow.

The parties initially appeared before the Workers' Compensation Court on an employer's petition to review commenced by Schroff, Inc. (Schroff or employer). Since October 7, 1994, Taylor–Peterson has continuously received compensation benefits for a partial incapacity. Schroff's petition argued that Taylor–Peterson's incapacity for work has ended and further alleged that she had reached a point of maximum medical improvement.[1] The trial judge found that Schroff failed to prove that Taylor–Peterson's incapacity for work had ended. Even though the trial judge concluded that the employee had, in fact, reached a status of maximum medical improvement, he determined that Schroff was not entitled to a reduction in payments for partial incapacity. The trial judge awarded Taylor–Peterson fair and reasonable counsel fees incurred while defending against Schroff's petition, but would not consider the time entries in the counsel fee affidavit[2] for services rendered by paralegals.[3] The trial judge identified five separate factors that must be considered when determining a counsel fee award, which included: "[1] the amount in issue, [2] the questions of law involved (whether they are unique or novel), [3] the hours worked and the diligence displayed, [4] the result obtained, and [5] the experience, standing, and ability of the attorney who rendered the services." See Annunziata v. ITT Royal Electric Co., 479 A.2d 743, 744 (R.I.1984). The trial judge awarded counsel fees in the amount of $3000.00, and indicated that some of the time listed in the petition was "excessive."

Taylor–Peterson appealed the counsel fee award to the Appellate Division, claiming that the award did not adequately reflect the services provided and that the court erred in refusing to simply accept the fee affidavit submitted by counsel in calculating the fees to be awarded. The Appellate Division concluded that the trial judge's award of $3,000.00, and excluding compensation for paralegal services was sufficient to compensate counsel, and dismissed the employee's appeal. Taylor–Peterson then filed a petition for writ of certiorari to this Court.

1. Pursuant to G.L.1956 § 28–33–18(b), if an employee has reached a point of maximum medical improvement and the incapacity for work resulting from the injury is partial, the employer shall pay weekly compensation payments, equal to seventy percent of the weekly compensation rate. The court may in its discretion, consider the employee's performance in actively seeking employment in scheduling the implementation of the reduction.

2. Each of the attorneys and paralegals who participated in this litigation signed a fee affidavit commencing with the preparation of the claim for trial on January 17, 1996.

3. Taylor–Peterson alleges that paralegal services were utilized in preparing the petition for pretrial conference, preparing medical affidavits, and preparing notices of intent.

## Analysis

■ In determining whether paralegal fees should be included in the award of reasonable counsel fees, we rely on the rationale expounded by the United States Supreme Court that a " 'reasonable attorney's fee' " encompasses the work product of an attorney. *See Missouri v. Jenkins*, 491 U.S. 274, 285, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229, 241 (1989). In *Missouri*, the Supreme Court determined that this fee must include "the work not only of attorneys," but also of "others whose labor contributes to the work product for which an attorney bills her client." *Id.* Consequently, we determine that Schroff should compensate Taylor–Peterson for the work of the contributing paralegals, in addition to that of the attorneys.

Schroff argues that paralegal fee compensation is neither supported by Rhode Island case law, nor controlled by federal case law. Since workers' compensation law is entirely statutory, we merely adopt the federal rationale in defining the parameters of a "reasonable attorney's fee." [4]

■ We are satisfied that billing for paralegal time should be considered by the tribunal in determining a fair and reasonable attorneys' fee. We conclude that the inclusion of paralegal time for services rendered is neither inappropriate nor violative of Rule 5.4 of the Supreme Court Rules of Professional Conduct.[5] However, we recognize that the amount awarded in counsel fees is within the sound discretion of the trial judge in light of the circumstances of each case. *See Annunziata*, 479 A.2d at 744.

■ We conclude that paralegal fees should not be categorically eliminated from the calculus of attorneys' fees since reasonable out-of-pocket expenditures, beyond normal overhead, are routinely included in the counsel fee award. *See United Nuclear Corp. v. Cannon*, 564 F.Supp. 581, 591 (D.R.I.1983). Our legal community, like the majority of jurisdictions in the United States, separately lists the paralegal services that are compensable.[6] Therefore, the trial justice may use his discretion in determining whether the proffered fees are reasonable and whether the paralegal work performed was a necessary element in the proceeding. Indeed, utilizing the services of paralegals should result in reducing, rather than enhancing counsel fees.

For these reasons, the petition for certiorari is granted and the final decree of the Appellate Division under review is quashed. The papers of the case are remanded to the Appellate Division of the Workers' Compensation Court with our opinion endorsed thereon and directions to reconsider the fee award in light of our opinion.

---

**4.** We note that in *Providence School Department v. McWilliams*, WCC 97–4480, the same trial judge who presided in the present case, recently concluded that "I have reconsidered what the position of this [c]ourt ought to be on the issue of compensating paralegals for time spent on the handling of files that are brought before this [c]ourt." He reasoned that after reviewing "some of the federal cases * * * paralegals who perform essentially legal services as opposed to secretarial services" should be compensated for their time spent on paralegal work.

**5.** Article V, Rule 5.4 of the Supreme Court Rules of Professional Conduct sets forth the guidelines that govern the professional independence of a lawyer. This rule states in pertinent part that: "A lawyer or law firm shall not share legal fees with a nonlawyer, except that * * * a lawyer or law firm may include nonlawyer employees in a compensation * * * plan, even though the plan is based in whole or in part on a profit-sharing arrangement."

**6.** The Supreme Court determined that "[t]he attorney who bills separately for paralegal time is merely distributing her costs and profit margin among the hourly fees of other members of her staff, rather than concentrating them in the fee she sets for her own time." *Missouri*, 491 U.S. 274, 287 n.8, 109 S.Ct. 2463, 2471 n.8, 105 L.Ed.2d 229, 242 n.8 (1989).