AMENDED DECISION
After granting Plaintiff Gooding Realty Corporation's (GRC) motion to reconsider the award of attorney's fees in favor of Defendant Bristol Bay CVS, Inc. (CVS), vacating this Court's December 17, 2001 Judgment, and reopening the record to include supplemental affidavits submitted by GRC, this Court hereby issues this Amended Decision based on the new, expanded record.
Briefly, this case is before this Court following a limited remand from the Supreme Court, during the pendency of an appeal, in order for this Court to rule on certain post-trial motions. On November 1, 2000, this Court held a hearing on the issue of attorney's fees. At that time, GRC made a motion to present expert testimony regarding the reasonable rate of attorney's fees. Then, the parties submitted memoranda. In its memorandum, GRC again requested to present expert testimony regarding the reasonableness of CVS's requested fees. CVS attached affidavits to its memorandum supporting its claim of reasonable attorney's fees. Based upon those affidavits, this Court rendered the December 17, 2001 Decision, which awarded $52,693.25 in attorney's fees to CVS. However, this Court never ruled on GRC's motion.
Subsequent to the December 17th Decision, GRC filed a "motion to reconsider." In the motion to reconsider, GRC sought to reopen the record either to include affidavits in support of its claim that CVS's request for attorney's fees was unreasonable or, in the alternative, to present expert testimony on the issue as requested in the motion made at the hearing. This Court treated GRC's motion to reconsider as a motion to vacate pursuant to Rule 60(b), which it granted in part and denied in part on January 22, 2002. Pursuant to the January 22 Order, this Court agreed to reopen the record to include the affidavits GRC attached to its motion to reconsider, but denied GRC's alternative request to present expert testimony on the issue of attorney's fees. The Order also allowed CVS two weeks to present additional affidavits of its own in support of the award. By letter dated January 31, 2002, CVS's counsel declined the opportunity.
Again, Rule 1.5 of the Rhode Island Supreme Court Rules of Professional Conduct provides the factors to be used in determining the reasonableness of an attorney's fee. These factors include:
 "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 (3) the fee customarily charged in the locality for similar legal services;
 (4) the amount involved and the results obtained;
 (5) the time limitations imposed by the client or by the circumstances;
 (6) the nature and length of the professional relationship with the client;
 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
 (8) whether the fee is fixed or contingent."
"[T]he determination of whether an attorney's fee is reasonable requires particular facts in the form of affidavits or testimony upon which the trial court may premise a decision." St. Jean Place Condominium v. Decelles, 656 A.2d 628 (R.I. 1995) (citing Colonial Plumbing Heating Supply Co. v. Contemporary Construction Co., 464 A.2d 741 (R.I. 1983)). The amount awarded in attorney fees is within the sound discretion of the trial judge in light of the circumstances of each case. Schroff, Inc. v. Taylor-Peterson, 732 A.2d 719 (R.I. 1999).
The sole issue at Bar is whether the total amount of the bill submitted by CVS is reasonable. GRC submits affidavits from three experienced, practicing Rhode Island attorneys to challenge CVS's claim for attorney's fees. The first is an affidavit from Attorney Murray Gereboff. However, the Gereboff affidavit considers the litigation occurring at the District Court level, only. Therefore, said affidavit is of limited import in determining whether the entire bill submitted by CVS is reasonable. GRC's second affidavit, submitted by Attorney Paul Ragosta, considers only one "Superior Court Phase." In the present case, there were, in fact, two Superior Court "Phases," and thus Ragosta's calculations must be considered in a limited context. The third affidavit is made by Attorney Kevin C. Glavin. In his affidavit, Glavin considered all aspects of the litigation and how these aspects reflect on the factors listed in Rule 1.5. This Court formally accepts Glavin's affidavit and its conclusion regarding the reasonable rate of attorney's fees, which Glavin lists as $34,316.47.[1]
CVS relies on the record previously submitted to this Court. This record includes properly formatted bills as required under Super. R. Civ. P., Rule 54(b). (See CVS's Motion for Attorney's Fees and Costs, Exhibit C.) These billing reports clearly enumerate the services provided and the fees charged by CVS's counsel. The record also includes the affidavit of CVS's lead attorney, Brent R. Canning of Hinckley Allen 
Snyder LLP, to establish the reasonable rate of attorney's fees, which this Court again formally accepts. In its review of the evidence and the record before it, this Court finds the rate of attorney's fees charged by such a firm in this locality to be reasonable. The affidavit and the record demonstrate that CVS's counsel, the firm of Hinckley Allen 
Snyder, using a fixed fee basis for billing, has vigorously defended the claims brought against its client over a period lasting more than one year.
After reviewing the affidavits submitted by the parties, this Court finds that the total reasonable rate of attorney's fees falls somewhere between the amounts provided by Mr. Glavin and Mr. Canning. Therefore, this Court finds in favor of CVS on the issue of attorney's fees, and, using a weighted average, awards judgment in the amount of $39,350.66. The reasoning and analysis of this Amended Decision is intended to supersede the attorney's fees discussion in the December 17, 2001 Decision, and the amount herein stated ($39,350.66) shall replace the total previously awarded for attorney's fees. Furthermore, this Court now incorporates by reference all other findings, conclusions, and rulings of law contained in the December 17, 2001 Decision with respect to interest, costs, and GRC's deposit of funds into the Court Registry, into this Amended Decision.
 Conclusion
Pursuant to Super. R. of Civ. P. Rule 67 and to promote judicial economy, this Court grants GRC's motion to deposit the sum of $40,217.18, plus statutory interest of 12%, with the Registry of Court, pending the outcome of its appeal to the Supreme Court. This Court also awards $39,350.66 in attorney's fees, which, upon review of the expanded record, this Court finds to be a fair and reasonable amount. Additionally, this Court grants CVS's request for costs in the amount of $1,637.11, which, after excluding the specific charges for dining, messengers, parking, and trial exhibits, this Court finds to be fair and reasonable. Accordingly, this Court grants CVS's motion for attorney's fees and costs in the total amount of $40,987.77.
Counsel shall submit an appropriate amended judgment for entry forthwith.
[1] This total includes both costs and fees. Therefore, this Court will subtract the amount already awarded to CVS in costs, $1,637.11, from Glavin's total to reach a summary figure to use for calculating the final award of attorney's fees.