AMENDED DECISION
On June 22, 2007, the Court issued a Decision appointing Paula Cuculo, Esquire (Attorney Cuculo) as Guardian of the Person and of the Estate of ninety-year old Laurette Borduas Eifrig (Mrs. Eifrig). Counsel now seek attorneys' fees from Mrs. Eifrig's Estate. Jurisdiction is pursuant to chapter 15 of Title 33.
 Facts and Travel
Most of the facts of this case may be found in the Court's June 22, 2007 Decision; consequently, the Court need not detail them here.See In re: Laurette Borduas Eifrig In re: Laurette Borduas Eifrig, 2007 R.I. Super. LEXIS 86 (Eifrig I). However, that Decision left unanswered certain pending matters, including a Motion to Remove Mrs. Eifrig's daughter Francine Ardito (Francine) as Co-Trustee of her mother's Trust; a Motion to Adjudge Francine in Contempt; and, the instant Petitions for Attorneys Fees.
On June 22, 2007, the same day the Court issued Eifrig I, Francine filed an entry of appearance, pro se. She requested a minimum nine-week continuance "in order to review all documents and transcripts and to prepare for the cases now pending in Rhode Island and Virginia." Also on the same day, Francine, through Virginia counsel James Philip Head, Esquire (Attorney Head), filed a Verified Complaint in Fairfax, Virginia, seeking the removal of her *Page 2 
mother as Co-Trustee, as well as the release of the Trust funds. She alleged that the Rhode Island Superior Court did not have jurisdiction over the Trust because neither she nor her mother had appeared before this Court in their capacities as Co-Trustees.
After a hearing on June 26, 2007, the Court granted a motion filed by Mrs. Eifrig's Attorney, Richard A. Boren, (Attorney Boren), to remove Francine as Co-Trustee, and to appoint Attorney Cuculo as Co-Trustee in her stead. The Court also ordered Attorney Cuculo to revoke Francine's Durable Power of Attorney. Francine was notified about the hearing, but failed to appear. On Francine's behalf, Attorney Mastronardi objected to the Motion.
On June 27, 2007, Francine sent e-mails to Smith Barney and Resource Bank alleging that this Court did not have jurisdiction over the Trust, and that the banks had no right to pay any monies to Attorney Cuculo on behalf of Mrs. Eifrig. On June 28, 2007, Smith Barney informed Francine that it intended to abide by this Court's orders. On June 29, 2007, Attorney Cuculo was served with a Summons, as well as the June 22, 2007 Verified Complaint filed in the Fairfax Circuit Court.
Thereafter, Attorney Boren filed a combined: (1) Emergency Motion to Unfreeze Sufficient Funds to Defend the Petition to Remove Mrs. Eifrig as Co-Trustee and to Release all Trust Funds to Francine; (2) Motion for Sanctions against Francine; (3) Motion to Adjudge Francine in Willful Contempt; (4) Motion for Assessment of Attorney's Fees; and (5) Motion to Suspend Francine's Visitation. He additionally sought the Court to assess the fees against Francine for requiring Mrs. Eifrig to defend the actions in Virginia. Attorney Boren also filed a Motion to join Smith Barney as a Party Defendant in the within Civil Action. Meanwhile, Attorney Mastronardi retained Joseph A. Kelly, Esquire (Attorney Kelly), to represent her on a renewed Motion to Withdraw. *Page 3 
On July 16, 2007, the Court conducted a hearing on the Motions. Francine failed to appear. Attorney Mastronardi's Motion to Withdraw was granted after Attorney Kelly assured the Court that Francine had been advised of the obligations of proceeding pro se. . All other matters were held in abeyance until a show cause hearing could be conducted to determine why Francine should not be held in contempt.
On August 7, 2007, the matter reconvened. Francine failed to appear. Attorney Boren informed the Court that various developments had taken place since the previous hearing. On July 24, 2007, Attorney Boren, Attorney Cuculo, Dr. Andrew Rosenweig, Geriatric Care Manager Dale Adams, Mrs. Eifrig, and a stenographer all met at the Capital Ridge Assisted Living Center. After ascertaining that Mrs. Eifrig understood what was occurring, and that she freely, knowingly and voluntarily wished to amend her Trust, Mrs. Eifrig executed a Fourth Amendment to her Trust. The effect of the Fourth Amendment was as follows: Mrs. Eifrig and Attorney Cuculo became Co-Trustees; upon Mrs. Eifrig's death, the Trust would terminate and the remaining corpus, if any, would be distributed to Francine, to Mrs. Eifrig's other daughter Suzette Eifrig Gephard (Suzette), and to Francine's daughter, Alicea Rose Ardito (Alicea) in equal parts; and the Trust would be governed by Rhode Island law.
On July 27, 2007, Mrs. Eifrig's Virginia counsel filed Motions to Dismiss the pending actions in Virginia. The Motion to Dismiss in the Fairfax action was based upon lack of subject matter jurisdiction. Likewise, the basis for the Motion to Dismiss in the interpleader action also was based upon lack of subject matter jurisdiction, as well as pursuant to the Uniform Foreign Judgments Act.
On July 30, 2007, Attorney Head contacted Attorney Boren and informed him that he wished to discuss a "Global Settlement Agreement" (the Agreement) with a view to dismissing all of the pending actions in both Virginia and Rhode Island. Specifically, the Fairfax action and *Page 4 
the interpleader action would be dismissed with prejudice. A stipulation would be entered in the interpleader action stating that the Trust funds would be delivered to Attorney Cuculo, in her capacity as Co-Trustee. Furthermore, the Motions for Sanctions, and the Motion to Adjudge Francine in Contempt in the instant matter, would be withdrawn. The parties would agree that the Court retains jurisdiction over attorneys' fees and the guardianship issue.
So far, however, the parties have been unable to reach an agreement over the issue of attorneys' fees. Attorney Boren stated that he would be willing to have the Trust pay all attorneys fees owed to Francine's counsel. Attorney Cuculo and Suzette's counsel, James McCormick, Esquire (Attorney McCormick), however, believe that Attorney Mastronardi's fee should be reduced to reflect only the work that she performed for Francine in her capacity as Co-Trustee, but not for work that she had performed for Francine in her personal capacity.[1]
At the conclusion of the August 7, 2007 hearing, the Court took the matter under advisement and adjourned the hearing. Additional facts will be supplied as needed in the analysis portion of this Decision.
 Standard of Review
There is no question that "[i]t is well within the authority of the trial justice to make an attorneys fees award determination after considering the circumstances of the case." Keystone Elevator Co., Inc.v. Johnson Wales University, 850 A.2d 912, 920 (R.I. 2004) (citingSchroff, Inc. v. Taylor-Peterson, 732 A.2d 719, 721 (R.I. 1999) (per curiam)). In considering such circumstances, "[t]he trial justice is in the unique position of observing the attorneys requesting the fees and is better able to judge the merits of a particular request."Keystone Elevator Co., Inc., 732 A.2d at 920. The trial justice also observes "firsthand the work product of counsel *Page 5 
throughout the trial and thus [is] better situated to assess the course of litigation and the quality of counsel." Id.
 Analysis
The Court first observes that all of the attorneys in this case made every effort to zealously represent their clients' interests. The Court is particularly impressed with Attorneys Boren and Cuculo who, through Herculean efforts, managed to locate Mrs. Eifrig and, thereafter, see to her well-being and safety. The Court finds that the amounts charged by Attorneys Boren and Cuculo, and by the Guardian ad litem, Attorney Mark A. Sjoberg, to be reasonable and necessary; consequently, their respective Petitions for Attorneys Fees are granted.
This has been a troubling case from the outset. As the Court previously has observed, the mutual acrimony between Suzette and Francine is palpable and, at times, their behavior disturbing and not in their mother's best interest. Neither sister is without blame. The Court further observes that both sisters have incurred considerable attorneys' fees during the course of this litigation.
Attorney Mastronardi's Petition for Attorneys Fees is somewhat problematic. When Francine first filed for injunctive relief and for guardianship of her mother, she did so in her Capacity as Co-Trustee of the Trust, as well as, and under, her Durable Power of Attorney; thus, at that point, Attorney Mastronardi represented Francine in her capacity as Co-Trustee. Consequently, Francine should not have to bear the expense of paying those particular attorneys fees.
However, Francine subsequently ceased acting in her mother's best interests and began a course of conduct to enhance her own interests. It is undisputed that Francine came to Rhode Island to protect her mother, and her mother's Trust. The Court provided such protection when it appointed Attorney Cuculo as Mrs. Eifrig's Temporary Limited Guardian, and when it froze all *Page 6 
of Mrs. Eifrig's assets. As a result, the Court maintained the status quo until all pending matters could be resolved.
When Francine ordered Resource Bank not to release funds to Attorney Cuculo for her mother's care on May 24, 2007, and threatened that bank with legal action should it not comply with her demand, she not only disturbed the status quo, she ceased acting in her capacity as Co-Trustee of the Trust. Consequently, the Court finds that Francine is liable to Attorney Mastronardi for any attorney's fees and expenses that were incurred on, or after, May 24, 2007. Accordingly, the Court orders the Trust to pay Attorney Mastronardi's fees that were incurred before May 24, 2007, at the rate of $195 per hour, but not to pay any fees incurred on, or after, that date.
 Conclusion
The Petitions for Attorneys Fees filed by Attorneys Boren, Cuculo and Sjoberg are granted. Attorney Mastronardi's Petition for Attorneys Fees is granted in part and denied in part. The Court retains jurisdiction over Attorney Cuculo, in her capacity as Guardian of the Person and of the Estate of Mrs. Eifrig.
Counsel shall submit an appropriate Order for entry.
[1] Francine has insisted that she brought this case in her personal capacity, rather than in her capacity as Co-Trustee; however, all current Rhode Island counsel assert that, in fact, she did come before the Court in her capacity as Co-Trustee of her mother's Trust. *Page 1